Arturo **FERNANDEZ and Inversal Administracion E Inversiones Limited, a Colombian Limited Partnership, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 82–5161

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

May 2, 1983.

Hall & Hauser, P.A., Richard F. O'Brien, III, Miami, Fla., for plaintiff-appellant.

Glenn L. Archer, Jr., Michael L. Paup, Trial Attys., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

This is an action to determine the reasonableness of a termination assessment under IRC § 7429(b). Upon motion by the government, the district court dismissed the action as time barred. We affirm.

On August 3, 1981, the Internal Revenue Service (IRS) made a termination assessment under IRC § 6851 against the appellant, Arturo Fernandez. The termination assessment was for the taxable year January 1, 1981, to July 28, 1981, for $2,848,181. Upon notification, Fernandez was advised that a suit challenging the reasonableness of the termination assessment "must be filed within thirty days after the earlier of (1) the date the Service notifies you of its decision on your protest, or (2) the sixteenth day after your protest."

On August 27, 1981, Fernandez requested an administrative review before the IRS pursuant to IRC § 7429(a)(2). After the administrative review, Fernandez was notified by letter dated November 2, 1981, that the IRS would uphold its assessment. On November 16, 1981, Fernandez instituted this action in the district court under section 7429. After commencing a hearing on the government's motion to dismiss, the district court held that Fernandez violated the time limitations of section 7429(b)(1). The court reasoned that the time limitations of section 7429(b)(1) are mandatory and not permissive because to hold otherwise "[would] be incongruous with the legislative goal of prompt review and resolution." We agree with the district court's conclusion and reasoning.

Section 7429 is a relatively new addition to the Internal Revenue Code. The objective of this section is to provide an "expedited" means of judicial review of termination or jeopardy assessments made by the IRS. S.Rep. No. 938 (Part I) 94th Cong.2d Sess. 364 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 3793. Fernandez argues that the court narrowly construed the limitations of section 7429(b)(1) and thus, effectively defeated the purpose of section 7429. We cannot agree with Fernandez's conclusion. Section 7429(b)(1) provides:

Judicial review—

(1) Actions permitted—Within 30 days after the earlier of—

(A) the day the Secretary notifies the taxpayer of his determination described in subsection (a)(3), or

(B) the 16th day after the request described in subsection (a)(2) was made, the taxpayer may bring a civil action against the United States in a district court of the United States for a determination under this subsection.

The record reveals that on August 27, 1981, Fernandez requested a timely administrative review. On November 2, 1981, the IRS notified Fernandez of its actions. In order to meet the time limitation imposed by section 7429(b)(1), Fernandez had to file within thirty days after the earlier of November 2, 1981, or sixteen days after August 27, 1981. Since the earlier of the two dates was August 27, 1981, it is the date of measurement for purposes of section 7429(b)(1). The sixteenth day after August 27, 1981, was September 12, 1981. Therefore, Fernandez was required to commence action on or before October 12, 1981; instead, he filed on November 16, 1981, which was not the earlier of the two alternatives.

Alternatively, Fernandez argues that the provisions of section 7429(b)(1) are permissive and not mandatory. The language of the statute itself negates such an interpretation. To adopt Fernandez's argument would mean that Congress intended that the taxpayer in every case would have thirty days following the administrative determination by the Secretary. If Congress had so intended it would have omitted the word "earlier" from the statute and replaced it with the word "either." The objective of the statute is to provide expedited review. S.Rep. No. 938 (Part I) 94th Cong.2d Sess. 364 (1976), *reprinted in* 1976 U.S.Code Cong. & Ad.News 3793. If we were to accept the rationale of Fernandez's argument, the objective of expedience would be defeated. We therefore affirm the decision of the district court dismissing the action as time barred.

AFFIRMED.