**Steven FELAK, Jr., Plaintiff,**

v.

**UNITED STATES of America; C.D. Switzer, District Director, Internal Revenue Service; Joe H. Boutorac, Appeals Officer, Internal Revenue Service; Lawrence B. Gibbs, Commissioner, Internal Revenue Service, and Unknown John Does and Mary Roes, Agents or Employees of the Internal Revenue Service, Defendants.**

**No. Civ. 3–87–254.**

United States District Court,
D. Minnesota,
Third Division.

June 1, 1987.

Wendy Allison Nora, Minneapolis, Minn., Darold W. Killmer, Cohan and Stahl, P.C., Denver, Colo., for plaintiff.

Thomas D. Sykes, Trial Atty.—Tax Div., U.S. Dept. of Justice, Washington, D.C., Francis X. Hermann, Asst. U.S. Atty., Minneapolis, Minn., for defendants.

### ORDER

DEVITT, District Judge.

This action contests a jeopardy assessment made by the Internal Revenue Service against plaintiff. Plaintiff was denied relief by the Secretary and subsequently sought judicial review in this court pursuant to 26 U.S.C. § 7429(b). Plaintiff seeks abatement of the jeopardy assessment and damages for violations of his constitutional rights.

At the hearing on May 26, 1987, plaintiff's local counsel, Wendy Allison Nora, moved the admission pro hac vice of Wil-

**52**

liam A. Cohan and Darold W. Killmer. Mr. Killmer was present and represented to the court that he is a member in good standing of the Colorado bar. Based on his representations, plaintiff's motion for the admission of Darold W. Killmer pro hac vice was granted.

Counsel for the United States represented that the parties had reached agreement on certain issues raised by the government's motions. The government had moved to dismiss, for enlargement of time, and for a protective order. It withdrew its motion for dismissal based on insufficient service of process, and plaintiff does not oppose the motion to dismiss the claims for damages against the United States or the motion for enlargement of time in which the individual defendants may respond to the complaint. Finally, the parties stipulated to a continuance of plaintiff's motion for a hearing on the reasonableness of the assessment until June 15, 1987.

The motions remaining at the time of the hearing were the United States' motions to dismiss for lack of subject matter jurisdiction and for a protective order. These motions are granted for the reasons set out below.

*Motion to dismiss*

The government moves to dismiss plaintiff's request for judicial review of the jeopardy assessment based on the running of the statute of limitations contained in 26 U.S.C. § 7429(b). Section 7429 sets out a procedure for expedited review of a jeopardy assessment. *See* 1976 U.S.Code Cong. & Admin. News 2897, 3199. The statute provides periods in which the Secretary must provide the information upon which it relied to make the assessment, the taxpayer may request review by the Secretary, the taxpayer may bring a civil action in district court, and the district court shall make a determination.

The bone of contention between the parties involves computation of the time in which the taxpayer may bring a civil action in district court. The pertinent parts of the statute are section (b)(1), which states that the taxpayer must bring the action "[w]ithin 30 days after ... (B) the 16th day after

the request" to the Secretary is made, and the "computation of days" provision, section (d), which provides that weekend days and legal holidays are not counted as the last day of any period. Applying sections (b)(1) and (d) to the facts, the plaintiff urges that April 22, 1987, was the last day of the period. By the government's calculations, the period ended on April 21, 1987, consequently barring plaintiff's action, which was filed on April 22, 1987.

The discrepancy centers on the parties' interpretations of the term "period" in the computation of days provision. Plaintiff argues that section (b)(1) sets out *two* periods: the period ending the 16th day after the taxpayer made his request to the Secretary and the period ending 30 days thereafter. The United States argues that the section contains *one* 46–day period. The 16th day after plaintiff made his request was a Sunday, so plaintiff began counting the second period, the 30 days, from the following Monday, the 17th day. This application of the computation of days provision resulted in plaintiff having one additional day in which to file the district court action.

The court must conduct statutory construction where there is an uncertain application of a statutory term. Absent a statutory definition of the term "period," the court must consider the problem to which the legislature addressed itself in the statute to determine the intended meaning of the term. 2A N. Singer, *Statutes and Statutory Construction,* § 45.02 (Sands 4th ed. 1984). In doing so, the court is attentive to the general principle of strict construction of any waiver of sovereign immunity. *Bennett v. Department of Navy,* 699 F.2d 1140, 1142 (Fed.Cir.1983). *See generally* 3 N. Singer, § 62.01.

The legislative history of the jeopardy assessment statute clearly indicates Congress' intent to mitigate the suddenness and harshness of a jeopardy assessment by providing expedited review of the assessment. 1976 U.S.Code Cong. & Admin. News 2897, 3199. In accordance with this intent, the several deadlines set out in the statute mandate that the Secretary and the

district courts act expeditiously to ensure protection of the taxpayers' rights. *Id.* The computation of days provision, similarly, is a protective provision to ensure that the taxpayer is not disadvantaged by a final filing date falling on a weekend or holiday. *See generally* Fed.R.Civ.P. 6(a) advisory committee's notes.

The statute makes clear reference to two time periods that unambiguously work to expedite the review process. In Section 7429(a)(2), Congress refers to the "period" in which the Secretary must provide the information upon which it relied to make the assessment. In Section 7429(b)(2) and (c), Congress refers to the "period" in which the district court shall make a determination on the reasonableness of the assessment. The time frames in which the taxpayer may request review by the Secretary and may bring a civil action are *ejusdem generis.* As with the periods expressly referred to in the statute, they are similarly described as "within X days after" some date or event and they are distinct periods within the review procedure.

In contrast, Section (b)(1)(B) simply describes the date from which the period to seek judicial review begins to run. As such, it is not one of the distinct periods in the review procedure. It also serves as a cut-off date for a decision by the Secretary. If the date were extended from the 16th day to the 17th, 18th, or 19th day by application of the computation of days provision, it would benefit the Secretary rather than the taxpayer. Not only is this application of the computation provision disadvantageous to the taxpayer whom the statute is designed to benefit, it also is unsupported by the basic reason for the computation of days provision—to avoid *final* filing dates that fall on a weekend or holiday.

 The operation and administration of a statute prior to litigation is also a consideration in statutory construction. 2A N. Singer, § 45.02. Here, defendant notes four cases in which courts have concluded without discussion that the "16th day" is not extended by the computation of days provision. *Fernandez v. United States,* 704 F.2d 592 (11th Cir.1983); *Tin-dle v. Regan,* 55 AFTR2d 85–1475 (D.Md. 1985); *Friestak v. Egger,* 551 F.Supp. 238 (M.D.Pa.1982); *Zakem v. United States,* 42 AFTR2d 78–5320 (W.D.Wis.1978). Although no published cases have addressed the precise issue before this court, these cases provide persuasive authority for the government's interpretation that section (b)(1) contains a single 46–day period.

The computation of days provision can only be used to extend the period for judicial review if the last day of the entire period falls on a weekend or a holiday. The clear intent of the provision is to permit a taxpayer whose 46th day falls on a weekend or holiday to have the benefit of the whole 46 days. But there is no reason why the fact that the 16th day of the 46–day period falls on a weekend should delay the onset of the 17th day—a taxpayer is not required to file (or do) anything on the 16th day, so he does not need the relief provided by the provision.

In conclusion, application of the principles of statutory construction compel a ruling in accordance with a narrow waiver of sovereign immunity and a liberal policy protecting the taxpayer's rights. The result is dismissal of the jeopardy assessment challenge against the United States for lack of subject matter jurisdiction.

*Motion for protective order*

The United States moved for a protective order preventing discovery from it or the individual defendants until a determination of qualified immunity is made. With the dismissal of the jeopardy assessment challenge and plaintiff's concession that the remaining claims apply only to the individual defendants, the motion for a protective order is urged only on behalf of the individual defendants. Plaintiff claims they violated his constitutional rights of association, due process, and equal protection.

██ In *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982), the Supreme Court articulated the rule that until the threshold qualified immunity question is resolved, discovery from government officials should not be allowed. *Id.* at 818, 102 S.Ct. at 2738. At this point

in this litigation, the court has not been presented with the issue of qualified immunity for decision, and the record is inadequate to render a decision on the issue. Consequently, the protective order shall issue pending resolution of the threshold immunity question.

Based on the foregoing, and all files, records, and proceedings herein, IT IS ORDERED that:

Plaintiff's motion for admission pro hac vice of Darold W. Killmer is GRANTED.

Defendant's motion to dismiss the claims against the United States is GRANTED.

Defendant's motion for enlargement of time to answer the complaint is MOOT.

Defendant's motion for a protective order preventing discovery from government officials until resolution of the threshold qualified immunity issue is GRANTED.