**FRIKO CORPORATION, Johnny Daccarett–Ghia, as Alleged Alter Ego or Nominee of Friko Corporation, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 93–1269.**

United States Court of Appeals, District of Columbia Circuit.

Argued May 19, 1994.

Decided June 24, 1994.

Rehearing and Suggestion for Rehearing In Banc Denied Aug. 22, 1994.

Isidoro Rodriguez C., argued the cause, and filed the brief, for appellants.

Sally J. Schornstheimer, Atty., U.S. Dept. of Justice, argued the cause, for appellee. With her on the brief, were Loretta C. Argrett, Asst. Atty. Gen., Gary R. Allen and Gilbert S. Rothenberg, Attys., U.S. Dept. of Justice.

Before: WALD, SILBERMAN, and RANDOLPH, Circuit Judges.

Opinion for the court filed by Circuit Judge RANDOLPH.

RANDOLPH, Circuit Judge:

Ordinarily, the Internal Revenue Service may not collect taxes, said to be due and owing from a taxpayer, until the taxpayer has had a chance to litigate his tax liability in the Tax Court. *Commissioner v. Shapiro,* 424 U.S. 614, 616–17, 96 S.Ct. 1062, 1065–66, 47 L.Ed.2d 278 (1976). Matters are different if the Commissioner determines that collection of the alleged tax deficiency would be "jeopardized by delay." 26 U.S.C. § 6861(a). Then the Commissioner may immediately assess the tax, and, if the taxpayer fails to pay

after receiving "notice and demand for immediate payment," may levy on the taxpayer's property. 26 U.S.C. § 6331(a).

In two of the three Tax Court orders before us in this appeal, the Tax Court ruled that it had no jurisdiction to review the Commissioner's determinations to invoke the jeopardy assessment procedure against Friko Corporation and Johnny Daccarett–Ghia. We affirm both these rulings. In the other order on appeal, the Tax Court dismissed Daccarett–Ghia's petition to redetermine his deficiency, relying on the "fugitive disentitlement doctrine." We vacate this order and remand for reconsideration in light of an intervening Supreme Court decision.

Friko Corporation is a Panamanian corporation with its principal place of business in the Republic of Colombia. Johnny Daccarett–Ghia is a Colombian citizen and resident, the chief operating officer of Friko and, so the Commissioner claims, the alter ego of Friko. Daccarett–Ghia is charged in a 1990 indictment, in the United States District Court for the District of New Jersey, alleging that he and others engaged in a money laundering conspiracy. A warrant for Daccarett–Ghia's arrest remains outstanding; according to Daccarett–Ghia's counsel, he remains in Colombia. We have taken note of other litigation in other jurisdictions involving the parties and the property, including *United States v. Contents of Account Numbers 3034504504 & 144–07143 at Merrill, Lynch, Pierce, Fenner & Smith, Inc.,* 971 F.2d 974 (3d Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1580, 123 L.Ed.2d 148 (1993), and *United States v. Daccarett,* 6 F.3d 37 (2d Cir.1993), *cert. denied,* —— U.S. ——, 114 S.Ct. 1294, 127 L.Ed.2d 648 (1994), but find it unnecessary to burden this opinion with a description of those proceedings.

The Tax Court's two jurisdictional rulings rested on 26 U.S.C. § 7429(b)(2)(B). This provision gives the Tax Court concurrent jurisdiction with the federal district courts over a jeopardy assessment or levy if the taxpayer had filed a "petition for a redetermination of a deficiency under section 6213(a) ... with the Tax Court before the making of an assessment or levy that is subject to the

review procedures of this section." Otherwise, the jurisdiction of the federal district courts is "exclusive." 26 U.S.C. § 7429(b)(2)(A). As Judge Revercomb wrote, "[j]udicial review pursuant to 26 U.S.C. § 7429 is necessarily summary in nature and does not determine ultimate tax liability.... Rather, the Court merely examines the reasonableness and amount of the extraordinary measure taken by the IRS to collect a tax assessment." *Lindholm v. United States*, 808 F.Supp. 1, 2 (D.D.C.1992).

The sequence of events in this case shows that the Tax Court had no jurisdiction to review Friko's or Daccarett–Ghia's challenges to the jeopardy assessments or levies. The Commissioner made the jeopardy assessment against Friko for the tax years 1985, 1986, 1987, 1988 and 1989, on May 3, 1991, and three days later mailed a notice of jeopardy assessment to the company listing $2,938,267 in taxes, interest and penalties due and owing. On June 28, 1991, the IRS issued a notice of deficiency against Friko for the same amount, with one minor and unimportant difference. Friko filed its Tax Court petition for redetermination of this deficiency on November 18, 1991. Thereafter, on December 13, 1991, the Commissioner served a notice of levy on the Miami office of Merrill, Lynch, Pierce, Fenner & Smith, Inc., with respect to an investment account held in Friko's name. On July 10, 1992, the IRS issued a revised notice of levy to Merrill, Lynch. Friko filed its motions in the Tax Court to restrain assessment or collection, and for review of the jeopardy assessment and levy in September 1992.

█ Things are clear enough with respect to the Friko jeopardy assessment. Friko's petition for a redetermination of the deficiency was filed after the jeopardy assessment was made, not "before," as § 7429(b)(2)(B) requires in order to confer jurisdiction on the Tax Court. The levy is another matter. When the notices of levy issued, Friko had already filed its petition challenging the deficiency assessment. Section 7429(b)(2)(B),

however, gives the Tax Court jurisdiction to review not all levies made while a petition is pending, but only those "subject to the review procedures of this section"—that is, only jeopardy levies which are "made under section 6331(a) less than 30 days after notice and demand for payment is made under section 6331(a)." 26 U.S.C. § 7429(a)(1). The Tax Court held that the notice of deficiency, mailed to Friko on June 28, 1991, served as the notice and demand for payment. The Supreme Court reached the same conclusion in similar circumstances. *Shapiro*, 424 U.S. at 622–23 n. 7, 96 S.Ct. at 1068–69 n. 7; *see also Hughes v. United States*, 953 F.2d 531, 536 (9th Cir.1992). Because the levy in this case was not made within 30 days of June 28, 1991, the Tax Court had no jurisdiction to review it under § 7429(b)(2)(B) and properly denied Friko's motion.[1]

As the following chronology shows, much of what has just been written applies also to Daccarett–Ghia. On or about July 28, 1992, the Commissioner made a jeopardy assessment against him, and issued a notice of jeopardy assessment on August 3, 1992. The amounts and tax years were the same as those for Friko, taking into account additional interest. On July 29, 1992, pursuant to 26 U.S.C. § 6331(a) and (d)(3), the IRS served a notice of levy on the Clerk of the United States District Court for the Eastern District of New York to reach property held by companies in regard to which the Commissioner considered Daccarett–Ghia to be the alter ego or nominee. On September 24, 1992, the Commissioner issued a notice of deficiency to Daccarett–Ghia for the amount of taxes listed in the jeopardy assessment, with one minor and unexplained difference. On October 13, 1992, Daccarett–Ghia filed a petition for redetermination of the deficiency in the Tax Court. On the same day, he filed a motion for review of the jeopardy assessment and levy.

Neither the jeopardy assessment nor the levy were made after Daccarett–Ghia filed a

---

1. Although Friko's petition for redetermination is still pending in the Tax Court, this court has jurisdiction over the dismissed claims. In *Inverworld, Ltd. v. Commissioner*, 979 F.2d 868, 873 (D.C.Cir.1992), we adopted "[a] bright-line rule that allows an appeal from a denial of jurisdiction over one but not all the separate claims in a petition." That Friko's § 7429 claims were made by motion is of no consequence, as the Commissioner agrees.

petition in the Tax Court challenging the deficiency. Therefore, § 7429(b)(2)(B) could not have conferred jurisdiction on the Tax Court over Daccarett–Ghia's motion for review. It is true, as Daccarett–Ghia points out, that Friko's petition for redetermination of the deficiency assessed against it was pending when the jeopardy assessment and levy against Daccarett–Ghia were made; that the Commissioner considers him the alter ego of Friko; and that the amounts of unpaid taxes claimed due from Daccarett–Ghia are the same as those assessed against Friko. Nevertheless, the statute requires that the pending Tax Court petition must be that of the taxpayer. *See* 26 U.S.C. § 6213(a). Daccarett–Ghia had a potential action for review of the jeopardy assessment against him and the levy, but it lay exclusively in the appropriate district court. *See* 26 U.S.C. § 7429(b)(2)(A).[2]

■ Both Friko and Daccarett–Ghia moved to restrain the assessment and collection of the taxes. The Tax Court correctly denied the motions. Generally, no assessment of a deficiency and no levy or judicial proceeding for collection shall take place "if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final." 26 U.S.C. § 6213(a).[3] However, the bar is not applicable to jeopardy assessments and levies. Section 6213(a) contains an exception to the prohibition: "Except as otherwise provided in section ... 6861...." Section 6861(a) authorizes jeopardy assessments "notwithstanding the provisions of section 6213(a)." As to the levies, these were made in order to collect the amounts sought in the jeopardy assessments and therefore are also outside § 6213(a)'s prohibition. By its terms § 6213(a) applies only to levies made to collect assessments subject to that provision; jeopardy assessments, as we have said and as the Tax Court ruled, are not within that category. *See also* 14 MERTEN'S LAW OF FEDERAL INCOME TAXATION (CALLAGHAN) § 49D.07, at 21 (1993).

The third order before us, entered on January 6, 1993, dismissed Daccarett–Ghia's petition for redetermination of his deficiency. The Tax Court so ruled because it viewed Daccarett–Ghia as a "fugitive" from justice and under the "fugitive disentitlement doctrine," he should not "be permitted to prosecute a case in this Court."[4] Daccarett–Ghia's appeal raises serious questions regarding whether he is a fugitive in view of the alleged facts that he never resided in the United States and took no evasive action to avoid prosecution; and whether the doctrine applies when the fugitive is in effect defending against governmental action rather than using the courts affirmatively in an attempt "to reap the benefit of the judicial process

2. With respect to Friko's and Daccarett–Ghia's § 7429 claims, 26 U.S.C. § 7429(f) states: "Any determination made by a court under this section shall be final and conclusive and shall not be reviewed by any other court." We agree with the Commissioner that § 7429(f) does not apply to dismissals for lack of jurisdiction. Pursuant to § 7429(b)(3), "determinations" made by a district court or the Tax Court consist of findings regarding the reasonableness and appropriateness of the jeopardy assessment or levy. In the absence of any contrary indication, the use of the same word—"determination"—in § 7429(f) indicates that the word carries the same meaning. *See Energy Research Found. v. Defense Nuclear Facilities Safety Bd.*, 917 F.2d 581, 582–83 (D.C.Cir.1990). Several courts of appeals have so concluded. *See Morgan v. United States*, 958 F.2d 950, 951–52 (9th Cir.1992); *Hiley v. United States*, 807 F.2d 623, 627–28 (7th Cir.1986); *Hall v. Comm'r*, 805 F.2d 1511, 1512–13 (11th Cir. 1986); *Schuster v. United States*, 765 F.2d 1047, 1049 (11th Cir.1985); *cf. Stebco Inc. v. United States*, 939 F.2d 686, 687–88 (9th Cir.1990) (amended order).

3. Section 6213(a) states, in relevant part:

> Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed ... the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90–day or 150–day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final.

4. The Commissioner did not ask this court to dismiss Daccarett–Ghia's appeal on the basis of the fugitive disentitlement doctrine.

without subjecting himself to an adverse determination," *United States v. Pole No. 3172, Hopkinton,* 852 F.2d 636, 643 (1st Cir.1988). We do not reach these questions because of a Supreme Court decision, handed down on March 8, 1993, two months after the Tax Court's order dismissing the petition.

In *Ortega–Rodriguez v. United States,* —— U.S. ——, 113 S.Ct. 1199, 122 L.Ed.2d 581 (1993), the Court clarified several principles regarding the "fugitive disentitlement doctrine." There must be "some connection," the Court held, between the fugitive status of the litigant and the court invoking the doctrine. —— U.S. at ——–—— & n. 15, ——–——, 113 S.Ct. at 1205–06 & n. 15, 1208–09. Here, it is not apparent what the connection was or what the Tax Court thought it was. The court whose "dignity" has been affronted, whose authority Daccarett–Ghia supposedly flouted, is—according to the Tax Court's analysis—the New Jersey federal court. The Supreme Court's opinion in *Ortega–Rodriguez* raises doubts about whether other courts, who are not defending their "own dignity," may nevertheless sanction "an act of defiance that occurred [outside their] domain." *Id.* at ——, 113 S.Ct. at 1207. A rule allowing even discretionary dismissals for "any conduct that exhibited disrespect for any aspect of the judicial system," the Supreme Court said, "would sweep far too broadly." *Id.* The inability to enforce an adverse judgment rendered in the litigant's absence may also justify invoking the doctrine, *id.* at ——, 113 S.Ct. at 1203, but the Tax Court did not mention this consideration.

Dismissal because of the litigant's fugitive status is, in any event, a sanction imposed on the basis of the particular court's exercise of its inherent authority. —— U.S. at ——, 113 S.Ct. at 1205; *id.* at ——, 113 S.Ct. at 1210 (Rehnquist, C.J., dissenting). It is a discretionary action and, like other discretionary determinations, the particular court invoking the doctrine has some leeway to see things differently than other courts, including this one. —— U.S. at —— n. 24, 113 S.Ct. at 1209 n. 24. The extent to which *Ortega–Rodriguez* affects the Tax Court's use of the fugitive disentitlement doctrine in this case

is, therefore, a subject the Tax Court should address initially. Accordingly, the Tax Court's order of January 6, 1993, dismissing Daccarett–Ghia's petition for redetermination of the tax deficiency is vacated and the matter is remanded for reconsideration in light of *Ortega–Rodriguez.*

*Affirmed in part, vacated and remanded in part.*