41 F.3d 1511
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
$32,420.00 IN UNITED STATES CURRENCY, Defendant,
Doris Chaparro, Claimant-Appellant.
 No. 94-2157.
 United States Court of Appeals, Seventh Circuit.
 Argued Sept. 21, 1994.
Decided Nov. 7, 1994.
 
 1
 Before CUDAHY and FLAUM, Circuit Judges, and GRANT, District Judge*.
 
 ORDER
 
 2
 Doris Chaparro, the claimant herein, was arrested in March 1993, and charged by the State of Illinois with possession of a controlled substance with intent to deliver in violation of Ill.Rev.Stat. ch. 56 1/2, para. 1401-A-2-B (1989). Chicago Police officers detailed to a DEA Task Force subsequently seized over $32,000.00 which allegedly represented the proceeds of Chaparro's narcotics trafficking. In August 1993, the United States government filed a civil forfeiture action against the seized property pursuant to 21 U.S.C. Sec. 881(a)(6). Chaparro, through her attorney, contested the forfeiture and filed a claim asserting that she was the sole owner of the property. In December 1993, Chaparro's attorney informed the court that Chaparro had failed to appear at her criminal trial in state court and was considered a fugitive from justice. Despite Chaparro's absence, and apparently at her request, Chaparro's attorney continued to represent her interest in the forfeiture proceeding.
 
 
 3
 The government thereafter filed a motion to strike Chaparro's claim and for entry of a decree of forfeiture as to any interest asserted by her with respect to the $32,420.00. The government maintained that the entry of judgment by default was appropriate because under the doctrine of fugitive disentitlement Chaparro waived her right to due process in the forfeiture proceeding. The district court agreed. Relying on decisions from other circuits, the court granted the government's motion to strike Chaparro's claim and entered a decree of forfeiture. This appeal followed.
 
 
 4
 The sole issue before this court is whether the fugitive disentitlement doctrine barred Chaparro from defending against the government's civil forfeiture action. At the time the district court entered judgment in this case, the Seventh Circuit had not yet addressed the issue. We have, however, since filled that void. In United States of America v. $40,877.59 in United States Currency, 32 F.3d 1151 (7th Cir.1994), we held that the fugitive disentitlement doctrine is inapplicable in civil forfeiture cases. While United States v. $40,877.59 in United States Currency was decided after the district court entered judgment and may represent the minority opinion in the circuits which have addressed the issue, see United States v. Timbers Preserve, Routt County, Colorado, 999 F.2d 452, 453-55 (10th Cir.1993); United States v. Eng, 951 F.2d 461, 464-67 (2d Cir.1991); United States v. One Parcel of Real Estate at 7707 S.W. 74th Lane, Miami, Dade County, Florida, 868 F.2d 1214, 1216-17 (11th Cir.1989); United States v. $129,374 in United States Currency, 769 F.2d 583, 586-87 (9th Cir.1985), cert. denied, 474 U.S. 1086 (1986); United States v. $45,940 in United States Currency, 739 F.2d 792, 796-98 (2d Cir.1984),[1] it nonetheless controls the outcome in this case.
 
 
 5
 Accordingly, the judgment of the district court is REVERSED and the cause REMANDED for further proceedings.
 
 
 
 *
 The Honorable Robert A. Grant, of the United States District Court for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 The Third and D.C. Circuits have also indicated that they would apply the fugitive disentitlement doctrine in civil cases in which the fugitive is simply defending against governmental action. See Friko Corp. v. Commissioner of Internal Revenue, 26 F.3d 1139, 1142-43 (D.C.Cir.1994) (litigant may be barred from defending against a tax assessment and levy under doctrine of fugitive disentitlement if there is " 'some connection' ... between the fugitive status of the litigant and the court invoking the doctrine"); In re Assets of Martin, 1 F.3d 1351, 1356-57 (3rd Cir.1993) (applying the doctrine to an appeal from a restraining order to preserve the availability of forfeitable assets); United States v. Contents of Accounts Numbers 3034504504 and 144-07143 at Merrill, Lynch, Pierce, Fenner and Smith, Inc., 971 F.2d 974, 986 n. 9 (3rd Cir.1992), cert. denied, Friko Corp. v. United States, 113 S.Ct. 1580 (1993) ("[W]e believe the holding of the United States Court of Appeals for the Second Circuit [in United States v. Eng, 951 F.2d 461 (2d Cir.1991) ] that fugitive disentitlement does apply in forfeiture proceedings is persuasive."). The Sixth Circuit is the only other circuit to disallow the use of the fugitive disentitlement doctrine in civil forfeiture cases generally. United States v. $83,320 in United States Currency, 682 F.2d 573, 576 (6th Cir.1982)