**Harold WAPNICK, Plaintiff–Appellant,**

**v.**

**UNITED STATES of America and U.S. Clearing Corp., Defendants-Appellees.**

No. 1367, Docket 96–6227.

United States Court of Appeals, Second Circuit.

Submitted April 16, 1997.

Decided April 23, 1997.

Harold Wapnick, pro se, Lewisburg, Pennsylvania, for Plaintiff–Appellant.

Loretta C. Argrett, Assistant Attorney General, Washington, DC (Gilbert S. Rothenberg, Alice L. Ronk, Tax Division, United States Department of Justice; Zachary W. Carter, United States Attorney for the Eastern District of New York, Brooklyn, New York, of counsel), for Defendants–Appellees.

Before: WINTER, CABRANES, and PARKER, Circuit Judges.

PER CURIAM:

Harold Wapnick, *pro se,* appeals from Judge Amon's order dismissing his complaint for lack of subject matter jurisdiction and denying his motions for a default judgment and to vacate the "judgment" of the Internal Revenue Service ("IRS"). Wapnick claims that the IRS made an invalid jeopardy assessment against him upon his failure to pay income taxes for the years 1985, 1986, and 1987.

■ Challenges to jeopardy assessments by the IRS are governed by 26 U.S.C. § 7429. Section 7429 provides for judicial review by the district courts in general, § 7429(b)(2)(A), and by the United States Tax Court in limited circumstances, *id.* § 7429(b)(2)(B). Section 7429(f) also states that "[a]ny determination made by a court under this section shall be final and conclusive and shall not be reviewed by any other court." Following other circuits, we hold that this limitation applies only to decisions on the merits regarding the jeopardy assessment in question. *See Hiley v. United States,* 807 F.2d 623, 626–28 (7th Cir.1986); *Schuster v. United States,* 765 F.2d 1047, 1049 (11th Cir.1985); *cf. Zuluaga v. United States,* 774 F.2d 1487 (9th Cir.1985). A dismissal of a Section 7429 proceeding for lack of subject matter jurisdiction is, therefore, appealable.

■ The district court found that Wapnick failed to meet the jurisdictional requirements of 26 U.S.C. § 7429(b). Section 7429(b) allows the district court to review an IRS jeopardy assessment only after the taxpayer has filed a request for administrative review. *See, e.g., Hiley,* 807 F.2d at 627; *Zuluaga,* 774 F.2d at 1489. Such a request must be filed, at the latest, 35 days after the assessment date. § 7429(a). The civil action must be filed within 90 days of the earlier of "(A) the day the Secretary [of the Treasury] noti-

fies the taxpayer of the Secretary's determination ... or (B) the 16th day after the request ...." § 7429(b)(1). The district court found that Wapnick failed to make any request for administrative review, and his claim for judicial review, filed in August 1995, over a year from the September 7, 1993 assessment date, was untimely. We agree. The district court was correct in dismissing Wapnick's claims for lack of subject matter jurisdiction. In addition, Wapnick's motions for a default judgment and to vacate the assessment of the IRS, pursuant to Rule 60(b), Fed R. Civ. P., were properly denied.

We therefore affirm.