121 T.C. No. 18


UNITED STATES TAX COURT


GEORGE G. GREEN, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 178-02.                    Filed December 8, 2003.


        On May 2, 2003, R made jeopardy assessments of
deficiencies that R determined in P's taxes for 1995
through 1999.  R also issued a notice of jeopardy levy
with respect to those assessments.  On May 20, 2003, P
requested administrative review pursuant to sec.
7429(a)(2), I.R.C.  At some point after July 16, 2003,
R made a determination under sec. 7429(a)(3), I.R.C.,
sustaining the jeopardy assessment and jeopardy levy.
On Nov. 19, 2003, we received P's motion to review the
jeopardy assessment and jeopardy levy.  <u>Held</u>:  Under
sec. 7429(b)(1), I.R.C., the taxpayer's proceeding for
judicial review must be commenced within 90 days after
the earlier of the day the Commissioner notifies the
taxpayer of the Commissioner's determination under sec.
7429(a)(3), I.R.C., or the 16th day after the request
for review under sec. 7429(a)(2), I.R.C., was made.
P's motion for review of the jeopardy assessment and
jeopardy levy was not timely filed under sec.
7429(b)(1), I.R.C.

George G. Green, pro se.

Gerald L. Brantley and Bruce M. Wilpon, for respondent.


OPINION


THORNTON, Judge:  This matter is before us on petitioner's motion for review of jeopardy assessment and jeopardy levy under section 7429, filed November 19, 2003, pursuant to Rule 56.[1]  On November 26, 2003, respondent filed a response in opposition to petitioner's motion requesting that we dismiss petitioners' motion as untimely.

Background

On August 10, 2001, respondent issued to petitioner a notice of deficiency for petitioner's 1995, 1996, 1997, and 1998 taxable years.  On January 2, 2002, petitioner filed a petition (docket No. 178-02) with respect to the deficiencies for those taxable years.[2]  On May 2, 2003, jeopardy assessments of deficiencies were made against petitioner for taxable years 1995, 1996, 1997, 1998, and 1999, as follows:

_____

[1] Unless otherwise indicated, section references are to the Internal Revenue Code as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2] On May 1, 2003, respondent issued to petitioner a notice of deficiency for petitioner's 1999 taxable year.  On July 25, 2003, petitioner filed a petition (docket No. 12108-03) with respect to the deficiency for the 1999 taxable year.

| Year | Tax | Penalties and Additions to tax | Interest | Unpaid Balance of Assessment |
|------|-----|-------------------------------|----------|------------------------------|
| 1995 | $2,636,238 | $2,089,273 | $3,498,807 | $8,233,318 |
| 1996 | 128,792 | 101,860 | 136,760 | 367,412 |
| 1997 | 79,135 | 62,790 | 64,750 | 206,705 |
| 1998 | 52,583 | 41,282 | 32,646 | 126,511 |
| 1999 | 1,868,443 | 813,440 | 652,979 | 3,334,862 |

On May 2, 2003, respondent issued to petitioner a Notice of Jeopardy Levy and Right of Appeal determining that collection of petitioner's Federal income taxes for taxable years 1995, 1996, 1997, 1998, and 1999 was in jeopardy and that issuance of a levy to collect those taxes was appropriate.[3]

On May 20, 2003, petitioner requested relief from the jeopardy assessment and jeopardy levy.  On July 16, 2003, the Internal Revenue Service Office of Appeals held an administrative hearing under section 7429.  On July 17, 2003, the Appeals officer handling petitioner's case faxed a letter to petitioner's attorney advising him that petitioner's "case will close out on July 21, sustaining the jeopardy assessment and advising * * * [petitioner's attorney] that he [petitioner] has judicial review rights that should be exercised BEFORE Sept. 4, 2003."

---

[3] Although respondent issued to petitioner what purports to be a notice of jeopardy levy, it does not appear that respondent has levied on petitioner's property inasmuch as that property is currently tied up in court proceedings in Canada.  On May 2, 2003, respondent did, however, issue a Form 668(Y), Notice of Federal Tax Lien, for the unpaid balances of assessment for 1995 through 1999, totaling $12,268,808, that reflects the filing of a tax lien with the Clerk of Superior Court, Floyd County, Rome, Georgia.

The facsimile indicates that a portion of the jeopardy assessment amount would be abated.  The facsimile also states:

> Upon closing of the case you will receive a closing letter advising you of your judicial rights under IRC § 7429.  Under this rule you must file for judicial review . . . 'within 90 days after the earlier of (1) the day the Service notifies you of its decision on your protest, or (2) the 16th day after your protest.' In this case, the '16th day after your protest' date is June 6, 2003.  Ninety days from this 16th day is September 4, 2003.  Therefore, your request for judicial review to the District Court or to the Tax court [sic] should be filed BEFORE September 4, 2003.

On August 25, 2003, respondent sent a final closing letter sustaining the jeopardy assessment and jeopardy levy collection actions.  The final closing letter was sent to the wrong P.O. Box address and ZIP Code, and it appears that petitioner did not receive the final closing letter until some time after September 3, 2003.[4]  On September 19, 2003, the Appeals officer apologized to petitioner for the late receipt of the final closing letter and encouraged petitioner to request the Tax Court "to dispense with the 90 day rule in this situation."

---

[4] The final closing letter is addressed to "P.O. Box 8302, Horseshoe Bay TX 787657", whereas the prior Notice of Jeopardy Levy and Right of Appeal lists petitioner's address as "P.O. Box 8133, Horseshoe Bay TX 78657-8133".  Petitioner's request for a collection due process hearing lists petitioner's address as "P.O. Box 83132, Horseshoe Bay, Texas 78657".  A separate facsimile copy of petitioner's request appears to have changed the original address listed to read "P.O. Box 8301, Horseshoe Bay, Texas 78657".  Correspondence from petitioner's attorney lists petitioner's address as "P.O. Box 8301, Horseshoe Bay, Texas 78697".

## Discussion

Section 6861(a) provides in pertinent part that if the Secretary believes that the assessment or collection of a deficiency as defined in section 6211 will be jeopardized by delay, he shall, notwithstanding section 6213(a), immediately assess such deficiency and make notice and demand for the payment thereof.[5]  Within 5 days after the date an assessment is made under section 6861 or levy is made under section 6331(a), the Commissioner must provide the taxpayer with a written statement of the information the Commissioner is relying on in making the assessment or levy.  Sec. 7429(a)(1); McWilliams v. Commissioner, 103 T.C. 416, 421 (1994).  Within 30 days after the day on which the taxpayer is furnished this written statement, or within 30 days after the last day of the period within which such statement is required to be furnished, the taxpayer may request the Commissioner to review the action taken.  Sec. 7429(a)(2).  After a request for review is made, the Commissioner shall determine whether the jeopardy assessment or jeopardy levy is reasonable under the circumstances and whether the amount assessed is appropriate.  Sec. 7429(a)(3).

---

[5] Sec. 6861(h)(2) contains a cross-reference to sec. 6331(a), which provides for an immediate levy upon a finding that collection of tax is in jeopardy and following notice and demand for immediate payment.

Section 7429(b) provides for judicial review of a jeopardy assessment or jeopardy levy. Typically a Federal District Court reviews the jeopardy assessment or jeopardy levy; however, in certain circumstances, the Tax Court is authorized to review the reasonableness of a jeopardy assessment or jeopardy levy, as well as the propriety of the amount of a jeopardy assessment.[6] Sec. 7429(b)(2) and (3). Our authority to review jeopardy assessments under section 7429(b)(2)(B) is limited to a jeopardy assessment or jeopardy levy made subsequent to the filing of a petition for redetermination under section 6213(a) and respecting one or more of the same taxes and taxable periods disputed in such petition. See Friko Corp. v. Commissioner, 26 F.3d 1139, 1140-1141 (D.C. Cir. 1994). This requirement is met since petitioner's petition for redetermination in docket No. 178-02 was filed before the jeopardy assessment and jeopardy levy.[7]

---

[6] Sec. 7429 was added to the Code by the Tax Reform Act of 1976, Pub. L. 94-455, sec. 1204(a), 90 Stat. 1695-1696. Sec. 7429 was amended to allow review of jeopardy assessments or jeopardy levies in the Tax Court. Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6237, 102 Stat. 3741. This change applies to jeopardy assessments or jeopardy levies made on or after July 1, 1989. See McWilliams v. Commissioner, 103 T.C. 416, 419 n.4 (1994).

[7] We note that the petition in docket No. 12108-03 for taxable year 1999 was filed after the jeopardy assessment for that year. Nevertheless, because the petition in docket No. 178-02 involves taxes and taxable periods that were included in the written statement issued to petitioner under sec. 7429(a)(1)(B), we have jurisdiction, if otherwise appropriate, over all the taxes and taxable periods included in that written statement,

(continued...)

The provisions for judicial review are designed to provide "expedited" review of a jeopardy assessment or jeopardy levy. See, e.g., H. Rept. 94-658 at 302-303 (1975), 1976-3 C.B. (Vol. 2) 994-995; S. Rept. 94-938 at 362-364 (1976), 1976-3 C.B. (Vol. 3) 400-402; see also Hiley v. United States, 807 F.2d 623, 626 (7th Cir. 1986); Zuluaga v. United States, 774 F.2d 1487, 1489 (9th Cir. 1985); Williams v. United States, 704 F.2d 1222, 1225 (11th Cir. 1983). To that end, section 7429(b)(1) provides:

> SEC. 7429(b)(1) Proceedings permitted. Within 90 days after the earlier of–
>
> (A) the day the Secretary notifies the taxpayer of the Secretary's determination described in subsection (a)(3), or
>
> (B) the 16th day after the request described in subsection (a)(2) was made,
>
> the taxpayer may bring a civil action against the United States for a determination under this subsection in the court with jurisdiction determined under paragraph (2).

The timeliness provisions in section 7429(b)(1) have been construed as mandatory on the part of the taxpayer; a court considering a case under section 7429 lacks subject matter jurisdiction if the taxpayer has failed to comply with the procedural requirements in the statute. See Fernandez v. United States, 704 F.2d 592 (11th Cir. 1983); Wapnick v. United States,

---

⁷(...continued)
including the 1999 taxable year. Sec. 7429(b)(2)(B); sec. 301.7429-3(c), Proced. & Admin. Regs.

79 AFTR 2d 97-2515, 96-2 USTC par. 50,516 (E.D.N.Y. 1996), affd. 112 F.3d 74 (2d Cir. 1997); Friko Corp. v. United States, 71A AFTR 2d 93-4211, 91-1 USTC par. 50,195 (D.D.C. 1991); Hoffman v. United States, 64 AFTR 2d 89-5398, 89-2 USTC par. 9,648 (D. Minn. 1989); Resnick v. United States, 85-1 USTC par. 9,405 (D. Minn. 1985); Friestak v. Egger, 551 F. Supp. 238 (M.D. Pa. 1982); Bryant v. United States, 47 AFTR 2d 81-1045, 81-1 USTC par. 9,296 (M.D. Tenn. 1981); Machado v. United States, 45 AFTR 2d 80-1483, 80-1 USTC par. 9,323 (S.D.N.Y. 1980); Zakem v. United States, 42 AFTR 2d 78-5320, 78-2 USTC par. 9,584 (W.D. Wis. 1978). Since the requirements of section 7429(b)(1) are jurisdictional, those requirements cannot be waived by the Commissioner or this Court. See Konieczwy v. Commissioner, 54 AFTR 2d 84-5443, 84-2 USTC par. 9,684 (N.D. Tex. 1984). It is well established that a court may proceed in a case only if it has jurisdiction and that the question of jurisdiction may be raised at any time, whether by the parties or this Court sua sponte. See Charlotte's Office Boutique, Inc. v. Commissioner, 121 T.C. 89, 102 (2003); Neely v. Commissioner, 115 T.C. 287, 290 (2000).

Section 7429(b)(1) expressly provides that the proceeding for judicial review in the Tax Court or the District Court, as the case may be, must be commenced within 90 days after the earlier of the day that the Commissioner notifies the taxpayer of the Commissioner's determination under section 7429(a)(3) or the

16th day after the request for review under section 7429(a)(2) was made.  See sec. 301.7429-3(a), Proced. & Admin. Regs.  For purposes of section 7429(b)(1), petitioner made his timely request for administrative review under section 7429(a)(2) on May 20, 2003.  The 16th day after petitioner's request was made was June 5, 2003.  Respondent did not notify petitioner of his determination under section 7429(a)(3) until some date following July 16, 2003.[8]  Consequently, the <u>earlier of</u> the two dates was June 5, 2003, and this date is the date for measuring the Tax Court filing deadline for purposes of section 7429(b)(1).  Ninety days after June 5, 2003, was September 3, 2003.  To meet the requirements for judicial review under section 7429(b)(1), petitioner was required to commence his civil action in this Court before September 4, 2003.  We did not receive petitioner's motion for review of the jeopardy assessment and jeopardy levy until November 19, 2003.  Accordingly, we hold that petitioner's motion was untimely, and, therefore, we do not have jurisdiction

---

[8] The record reveals at least four possible notification dates:  (1) July 17, 2003, when the Appeals officer sent a statement of his initial determination to petitioner's attorney; (2) Aug. 25, 2003, when the final closing letter was issued by the Internal Revenue Service; (3) the date on which the final closing letter was actually received; and (4) Sept. 19, 2003, when the Appeals officer faxed petitioner a letter regarding the Aug. 25. 2003, final closing letter and determination.  We need not, and do not, decide which of these dates represents the date the Secretary notified petitioner of his determination, within the meaning of sec. 7429(b)(1)(A).

to review the jeopardy assessment and jeopardy levy.[9]  See Rule 56 (stating that "Review of a jeopardy assessment or a jeopardy levy under Code section 7429(b) shall be commenced by filing a motion with the Court.").

We do not interpret section 7429(b)(1) to allow for the filing of a civil action 90 days from the date of respondent's administrative determination in this case.  We interpret section 7429(b)(1), instead, in the same manner as the Court of Appeals for the Eleventh Circuit, which has held on this same point:

> Alternatively, Fernandez argues that the provisions of section 7429(b)(1) are permissive and not mandatory.  The language of the statute itself negates such an interpretation.  To adopt Fernandez's argument would mean that Congress intended that the taxpayer in every case would have thirty days [90 days under the current statute] following the administrative determination by the Secretary.  If Congress had so intended it would have omitted the word 'earlier' from the statute and replaced it with the word 'either.'  The objective of the statute is to provide expedited review.  S. Rep. No. 938 (Part I) 94th Cong. 2d Sess. 364 (1976), reprinted in 1976 U.S. Code Cong. & Ad. News 3793.  If we were to accept the rationale of Fernandez's argument, the objective of expedience would

---

[9] Although we have not previously decided an issue on the basis of sec. 7429(b)(1), the Court of Appeals for the Eleventh Circuit and several Federal District Courts have decided the issue before us and have reached similar conclusions.  See, e.g., Fernandez v. United States, 704 F.2d 592 (11th Cir. 1983); Wapnick v. United States, 79 AFTR 2d 97-2515, 96-2 USTC par. 50,516 (E.D.N.Y. 1996), affd. 112 F.3d 74 (2d Cir. 1997); Resnick v. United States, 85-1 USTC par. 9,405 (D. Minn. 1985); Konieczwy v. Commissioner, 54 AFTR 2d 84-5443, 84-2 USTC par. 9,684 (N.D. Tex. 1984); Friestak v. Egger, 551 F. Supp. 238 (M.D. Pa. 1982); Bryant v. United States, 47 AFTR 2d 81-1045, 81-1 USTC par. 9,296 (M.D. Tenn. 1981); Sacchinelli v. United States, 47 AFTR 2d 81-369, 80-2 USTC par. 9,841 (N.D. Ga. 1980).

be defeated.  We therefore affirm the decision of the district court dismissing the action as time barred. [Fernandez v. United States, 704 F.2d 592, 593 (11th Cir. 1983).]

Thus, regardless of whether the administrative proceedings were still ongoing after the 16th day following petitioner's request under section 7429(a)(2), and whether the determination in those proceedings was properly mailed to petitioner's last known address, petitioner still was required under section 7429(b)(1) to timely request judicial review in this Court.  Petitioner failed to make a timely request.[10]  See Freistak v. Egger, 551 F. Supp. 238, 242 (M.D. Pa. 1982) (stating that "Nothing in the statute requires that an administrative decision be made before it is incumbent upon one to seek judicial review.").  Further, we do not find that petitioner was overtly prejudiced by the extended administrative period or by any actions of respondent's Appeals officer.  Indeed, in the July 17, 2003, facsimile, the

---

[10] The Notice of Jeopardy Levy and Right of Appeal indicates that respondent previously issued to petitioner a notice of intent to levy and/or notice of your right to a hearing under sec. 6330.  At that time, the 30-day period for filing a hearing request pursuant to sec. 6330(a)(2) had not expired. Petitioner's May 20, 2003, request for administrative review was made on a Form 12153, Request for a Collection Due Process Hearing.  Nevertheless, the record indicates that petitioner's request for a sec. 6330 hearing was withdrawn and the request was treated as a request for administrative review under sec. 7429(a)(2).  Respondent did not issue a notice of determination under sec. 6330, and we do not construe petitioner's motion for review of jeopardy assessment and jeopardy levy as an appeal from a "determination" that might permit us to exercise jurisdiction under sec. 6330(d)(1).  See Dorn v. Commissioner, 119 T.C. 356 (2002).

Appeals officer informed petitioner's attorney that any request for judicial review of the jeopardy assessment and jeopardy levy had to be received by the appropriate court <u>before</u> September 4, 2003.

We hold that we do not have jurisdiction to review the jeopardy assessment and jeopardy levy in this case.  Petitioner's motion to review the jeopardy assessment and jeopardy levy therefore will be denied.

<u>An appropriate</u>

<u>order will be issued</u>.