09-1741-cv
Gross v. City of New York

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of June, two thousand eleven.

PRESENT:  CHESTER J. STRAUB,
            REENA RAGGI,
               *Circuit Judges.*[*]

-----------------------------------------------------------------

SALLY J. GROSS,
             *Plaintiff-Appellant*,

           v.                                No. 09-1741-cv

STATE OF NEW YORK,
             *Defendant-Appellee*.

-----------------------------------------------------------------

FOR APPELLANT:       Sally J. Gross, *pro se*, Syracuse, New York.

FOR APPELLEES:       Barbara D. Underwood, Solicitor General; Andrew D. Bing, Deputy Solicitor General; Robert M. Goldfarb, Assistant Solicitor General, *for* Eric. T. Schneiderman, Attorney General of the State of New York, Albany, New York.

---

[*] Circuit Judge Richard C. Wesley, who was a member of this panel, recused himself. The remaining two panel members agree on the disposition and decide this appeal pursuant to Second Circuit Internal Operating Procedure E(b).

Appeal from a judgment of the United States District Court for the Northern District of New York (Neal P. McCurn, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment entered on March 31, 2009, is AFFIRMED.

Pro se plaintiff Sally J. Gross appeals from the dismissal of her complaint alleging civil rights violations by defendant, the State of New York, in relation to an action Gross commenced in New York State Supreme Court. See 42 U.S.C. § 1983; Fed. R. Civ. P. 12(b)(1). We review the challenged dismissal for lack of subject matter jurisdiction de novo, accepting "as true all material factual allegations in the complaint." See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). In applying these principles, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

The Eleventh Amendment bars § 1983 claims against states, absent their consent. See Feingold v. New York, 366 F.3d 138, 149 (2d Cir. 2004). Because New York has waived its immunity from liability and consented to be sued only to the extent that claims are brought in the New York Court of Claims, as opposed to federal court, the district court correctly dismissed Gross's complaint for lack of subject matter jurisdiction. See Trotman v. Palisades Interstate Park Comm'n, 557 F.2d 35, 39 (2d Cir. 1977) (stating that "section 8 of the New York Court of Claims Act" waives immunity and consents to suit "upon condition that the claimant brings suit in the Court of Claims"). Moreover, to the extent the complaint could be construed as naming Justice Buckley as a defendant, jurisdiction is lacking because he was

never served with process.  See N.Y. C.P.L.R. §§ 307, 308; see also Fed. R. Civ. P. 4(e).[1]

Because we conclude that the district court properly dismissed Gross's complaint for lack

of subject matter jurisdiction, we need not decide whether she otherwise satisfied the service

of process rules necessary to obtain a default judgment.  See Wapnick v. United States, 112

F.3d 74, 74-75 (2d Cir. 1997) (affirming district court's Rule 12(b)(1) dismissal of complaint

against Internal Revenue Service and denial of motion for default judgment); see also First

Fidelity Bank, N.A. v. Gov't of Antigua, 877 F.2d 189, 196 (2d Cir. 1989) ("A decision that

a default judgment is void for want of jurisdiction must be accompanied by dismissal of the

action.").

    We have considered Gross's remaining arguments on appeal and conclude that they

are without merit.  Accordingly, we AFFIRM the district court's judgment.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In any event, any potential claims against Justice Buckley were properly dismissed as barred by absolute judicial immunity.  See Bliven v. Hunt, 579 F.3d 204, 209-10 (2d Cir. 2009).  Despite Gross's arguments to the contrary, Justice Buckley acted in his judicial capacity and within his jurisdiction in deciding issues during her state case.  See id.