10-4717-cv
Zuckman v. Department of the Treasury

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18ᵗʰ day of January, two thousand twelve.

PRESENT:
>           DENNIS JACOBS,
>                *Chief Judge,*
>           RICHARD C. WESLEY,
>           SUSAN L. CARNEY,
>                *Circuit Judges.*

_____

ADAM ZUCKMAN,

>      *Plaintiff-Appellant,*

>      v.                                    10-4717-cv

DEPARTMENT OF THE TREASURY, INTERNAL
REVENUE SERVICE, UNITED STATES OF AMERICA,
TIMOTHY F. GEITHNER, Treasury Secretary,
LAWRENCE R. ENGLE, Revenue Officer,
COMMISSIONER OF INTERNAL REVENUE SERVICE,
MTA-NYCTA, HALLUM ABDELHACK, RICHARD DREYFUS,

>      *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT: Adam Zuckman, *pro se*, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES
Department of the Treasury,
Internal Revenue Service,
United States of America,
Timothy F. Geithner, Treasury
Secretary, Lawrence R. Engle,
Revenue Officer, Commissioner
of Internal Revenue Service: Janet A. Bradley, Attorney, Gilbert S. Rothenberg, Acting Deputy Assistant Attorney General, Bruce R. Ellison, Attorney, Tax Division, United States Department of Justice, Washington, D.C.

FOR DEFENDANTS-APPELLEES
MTA-NYCTA, Hallum Abdelhack,
Richard Dreyfus: Kristen M. Nolan, Attorney, New York City Transit Authority, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-Appellant Adam Zuckman appeals from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*), granting the motions of defendants to dismiss his complaint challenging a levy allegedly placed on his wages by the Internal Revenue

2

Service.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review district court determinations on Rule 12(b)(1) and 12(b)(6) motions to dismiss *de novo*.  *See Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).  Dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).  "In ruling on a Rule 12(b)(6) motion, we accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party."  *Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).  To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Additionally, because Zuckman appears *pro se*, we are obligated to read his submissions with "special solicitude," interpreting them to raise the "strongest arguments that they *suggest*." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks omitted).

Here, an independent review of the record and relevant case law reveals that the district court properly granted the defendants' motions and dismissed Zuckman's complaint. We therefore affirm for substantially the same reasons stated by the district court in its memorandum and order. Even liberally construing his *pro se* complaint, the claims raised by Zuckman do not satisfy the applicable pleading standards. Contrary to Zuckman's contentions, the federal income tax is constitutional, wages are taxable income, and the Sixteenth Amendment removed the apportionment requirement for direct taxes. *See, e.g.*, *Ficalora v. Comm'r of Internal Revenue*, 751 F.2d 85, 87-88 (2d Cir. 1984). To the extent that Zuckman challenges the levy on his wages, there is no indication that he exhausted his administrative remedies. Thus, the district court properly dismissed those claims for lack of subject matter jurisdiction. *See* 26 U.S.C. §§ 7422, 7429; *see also Wapnick v. United* States, 112 F.3d 74, 75 (2d Cir. 1997) (per curiam).

We have considered Zuckman's remaining arguments and conclude that they are without merit.

4

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk