■ LINCOLN JATTAN, Respondent, v QUEENS COLLEGE OF THE CITY UNIVERSITY OF NEW YORK, Appellant, et al., Defendants. [762 NYS2d 824] —In an action to recover damages for employment discrimination in violation of rights protected by 42 USC §§ 1983, 1985, and 1988, Executive Law § 290 et seq., and the 1st, 5th, 9th, and 14th Amendments of the United States Constitution, the defendant Queens College of the City University of New York appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (Milano, J.), dated March 4, 2002, as denied that branch of its motion which was for summary judgment dismissing the cause of action pursuant to 42 USC § 1983 insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, that branch of the appellant's motion which was for summary judgment dismissing the cause of action pursuant to 42 USC § 1983 insofar as asserted against the appellant is granted, and that cause of action is dismissed insofar as asserted against the appellant.

Contrary to the plaintiff's assertion, the appellant Queens College of the City University of New York (hereinafter Queens College) presented sufficient evidence to establish that it is a senior college and an instrumentality of the State of New York (see Education Law § 6001 et seq.; Grace & Co. v State Univ.

*Constr. Fund,* 44 NY2d 84, 88 [1978]; *Glassman v Glassman,* 309 NY 436, 440-441 [1956]; *Matter of Apollon v Giuliani,* 246 AD2d 130 [1998]; *Pikulin v City Univ. of N.Y.,* 176 F3d 598 [1999]), and therefore is not a "person" amenable to suit within the meaning of 42 USC § 1983 (*see Will v Michigan Dept. of State Police,* 491 US 58 [1989]; *Brown v State of New York,* 89 NY2d 172, 185 [1996]; *Welch v State of New York,* 286 AD2d 496, 498 [2001]; *Matter of Thomas v New York Temp. State Commn. on Regulation of Lobbying,* 83 AD2d 723 [1981], *affd* 56 NY2d 656 [1982]). The plaintiff did not raise any triable issue of fact in opposition to the prima facie showing by Queens College of entitlement to summary judgment dismissing the claim pursuant to 42 USC § 1983 insofar as asserted against it, and therefore that branch of the motion which was for summary judgment dismissing the claim pursuant to 42 USC § 1983 insofar as asserted against Queens College should have been granted. Santucci, J.P., Florio, Schmidt and Adams, JJ., concur.