■ LINCOLN JATTAN, Respondent-Appellant, v QUEENS COLLEGE OF CITY UNIVERSITY OF NEW YORK, Appellant-Respondent, et al., Defendants. [883 NYS2d 110]—

In an action, inter alia, to recover damages for employment discrimination in violation of the New York State Human Rights Law, the defendant Queens College of the City University of New York appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Brathwaite-Nelson, J.), dated October 4, 2007, as, upon a decision of the same court dated August 3, 2007, granted those branches of the plaintiff's posttrial motion which were, in effect, for leave to amend the amended complaint to add a cause of action pursuant to the New York City Human Rights Law, and for an award of an attorney's fee in the sum of $135,465, and expenses in the sum of $2,284.77, pursuant to Administrative Code of the City of New York § 8-502 (f), and awarded him prejudgment interest in the sum of $156,215.84 upon an award of back pay in the sum of $325,000, and the plaintiff cross-appeals, as limited by his notice of appeal and brief, from so much of the same order and judgment as denied that branch of his posttrial motion which was for an award of "front pay" and benefits.

Ordered that the order and judgment is reversed insofar as appealed from, on the law, those branches of the plaintiff's posttrial motion which were, in effect, for leave to amend the amended complaint to add a cause of action pursuant to the New York City Human Rights Law, and for an award of an attorney's fee in the sum of $135,465, and expenses in the sum of $2,284.77, pursuant to Administrative Code of the City of New York § 8-502 (f), are denied, and the matter is remitted to the Supreme Court, Queens County, for a new determination of the

amount of prejudgment interest to be awarded in accordance herewith; and it is further,

Ordered that the order and judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Queens College of the City University of New York.

The plaintiff commenced this action against the defendant Queens College of the City University of New York (hereinafter Queens College) and his supervisors at Queens College, alleging, inter alia, religious discrimination and retaliation for bringing a lawsuit. On a prior appeal, this Court dismissed the plaintiff's cause of action pursuant to 42 USC § 1983 insofar as asserted against Queens College, on the ground that it was "a senior college and an instrumentality of the State of New York" and therefore was not a "person" amenable to suit within the meaning of 42 USC § 1983 (*see Jattan v Queens Coll. of City Univ. of N.Y.*, 307 AD2d 335 [2003]). This left the plaintiff with a cause of action pursuant to the New York State Human Rights Law (*see* Executive Law § 297 [9]).

After a jury trial, the jury found Queens College liable for back pay in the sum of $325,000 from March 1996 until July 2005. The jury verdict is not an issue on this appeal.

The New York State Human Rights Law provides for an attorney's fee only in cases alleging housing discrimination (*see* Executive Law § 297 [10]). The New York City Human Rights Law, on the other hand, authorizes an award of an attorney's fee "[i]n any civil action commenced pursuant to this section" (Administrative Code § 8-502 [f]). Therefore, in his posttrial motion, the plaintiff stated "[a]lthough plaintiff's complaint does not specifically state that the plaintiff seeks relief under the NYCHRL [New York City Human Rights Law], plaintiff has set forth facts and circumstances in his complaint from which a claim for relief under said statute can be inferred."

While the Supreme Court found that "the amended complaint may not be said to have included any claim against defendant Queens College based upon a violation of the New York City Human Rights Law," it granted the plaintiff leave to amend the amended complaint to assert a cause of action pursuant to the New York City Human Rights Law, and granted the plaintiff an attorney's fee and expenses pursuant to the New York City Human Rights Law. This was error.

The State Legislature waived sovereign immunity when it passed the New York State Human Rights Law and made its provisions applicable to the State (*see Koerner v State of N.Y.,*

*Pilgrim Psychiatric Ctr.*, 62 NY2d 442 [1984]). However, the City of New York does not have the power to waive the State's sovereign immunity by passing an antidiscrimination code provision applicable to instrumentalities of the State (*see Khalil v State of New York*, 17 Misc 3d 777 [2007]; *Feingold v New York*, 366 F3d 138, 149 [2004]). As an instrumentality of the State, Queens College is not subject to the provisions of the New York City Human Rights Law (*id.*). Therefore, the plaintiff was not entitled to an award of an attorney's fee and expenses pursuant to Administrative Code of the City of New York § 8-502 (f).

With respect to interest from the date the plaintiff's employment was unlawfully terminated until the date of the verdict, the law is that courts may award prejudgment interest on awards of back pay in a case brought under the New York State Human Rights Law (*see Matter of Aurecchione v New York State Div. of Human Rights*, 98 NY2d 21 [2002]), from the date that the plaintiff would have received the money (*see Spodek v Park Prop. Dev. Assoc.*, 96 NY2d 577 [2001]). However, back pay accrues in installments, as the plaintiff would have received his paychecks, if his employment had not been unlawfully terminated. CPLR 5001 (b) states that "[w]here such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date" (*see Matter of Argyle Realty Assoc. v New York State Div. of Human Rights*, — AD3d —, —, 2009 NY Slip Op 05544, *7 [2d Dept 2009]). The intermediate date would be the date halfway between the date the plaintiff was first deprived of a paycheck and the date of the verdict (*see Baer v Anesthesia Assoc. of Mount Kisco, LLP*, 57 AD3d 817 [2008]; CPLR 5001 [b]). The matter is therefore remitted to the Supreme Court, Queens County, for a new determination of prejudgment interest.

The Supreme Court correctly denied that branch of the plaintiff's posttrial motion which was for an award of "front pay" and benefits, as such a claim is one for monetary damages which must be submitted to a jury, and cannot be requested for the first time in a posttrial motion (*see Thomas v iStar Fin., Inc.*, 508 F Supp 2d 252, 258 [2007]).

The plaintiff's remaining contentions are without merit. Rivera, J.P., Eng, Chambers and Hall, JJ., concur.