◼ Shirley Rose Locario, Respondent, v State of New York, Appellant. [935 NYS2d 20]—

In 2003, section 7-210 was added to the Administrative Code of the City of New York (Local Law No. 49 [2003] of City of New York § 1). Subject to exceptions that do not apply here, section 7-210 shifted tort liability for the negligent failure to maintain sidewalks in a reasonably safe condition from the City to abutting property owners. The issue on this appeal is whether the State of New York can be held liable under section 7-210 as an abutting landowner. The State takes the position that its waiver of immunity as set forth in Court of Claims Act § 8 does not encompass liability that has been created by the enactment of a local law.

Court of Claims Act § 8 provides: "The state hereby waives its immunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article. Nothing herein contained shall be construed to affect, alter or repeal any provision of the [workers'] compensation law." As used in section 8, the phrase "limitations of this article" refers to jurisdictional requirements set forth in article II of the Court of Claims Act.* Therefore, under Court of Claims Act § 8, the State's waiver of sovereign immunity is limited only by the statute's procedural requirements and the provisions of the Workers' Compensation Law. We can only construe the Legislature's enumeration of these two specific limitations on the State's waiver of sovereign immunity "as evincing an intent to exclude any others not mentioned" (*cf. Walker v Town of Hempstead*, 84 NY2d 360, 367 [1994], citing McKinney's Cons Laws of NY, Book 1, Statutes former § 240, Comment ["where a statute creates provisos or exceptions as to certain matters the inclusion of such provisos or exceptions is generally considered to deny the existence of others not mentioned"]). We therefore find that Court of Claims Act § 8 does not provide for an exception to the State's waiver of sovereign immunity on the basis of tort liability created by local law. We employ similar reasoning in our construction of Municipal Home Rule Law § 11 (1) (j), another operative statute.

Where pertinent, Municipal Home Rule Law § 11 (1) (j) provides that a municipality's legislative body shall not be deemed authorized to "adopt a local law *which supersedes a state statute*" (emphasis added) if such local law "[i]n the case of a city, transfers to abutting property owners its liability for failure to maintain its sidewalks and gutters in a reasonably safe condition." Although no other state statute has been superseded, the State argues that Municipal Home Rule Law § 11 (1) (j)'s "general reference to 'abutting property owners,' without more, is insufficient to demonstrate the requisite consent on the part of the State to waive its immunity in this respect and assume the liability imposed by New York City Administrative Code § 7-210." As noted above, Municipal Home Rule Law § 11 (1) (j) proscribes the adoption of a local law which transfers the subject liability to abutting property owners only where such local law supersedes a state statute. On its face,

---

* These jurisdictional requirements have nothing to do with the issue before us—the State's tort liability that may arise under a local law.

Municipal Home Rule Law § 11 (1) (j) does not expressly prohibit local governments from transferring liability to the State. Using the same rule of statutory construction set forth in McKinney's Statutes § 240, we find that the transfer of liability to the State as an abutting property owner is permissible under Municipal Home Rule Law § 11 (1) (j).

The State cites *Jattan v Queens Coll. of City Univ. of N.Y.* (64 AD3d 540 [2009]) for the proposition that notwithstanding Court of Claims Act § 8, the State retained immunity from suit based on a cause of action created by local enactment. *Jattan* involved a claim for attorneys' fees that were recoverable in employment discrimination cases under the New York City Human Rights Law (Administrative Code § 8-502 [f]) but not under the State Human Rights Law (Executive Law § 297 [10]) which limited the recovery of such fees to housing discrimination cases. In that respect, the City Human Rights Law would have superseded the State Human Rights Law. In *Jattan,* the Second Department, however, held that attorneys' fees could not be recovered because "the City of New York does not have the power to waive the State's sovereign immunity by passing an antidiscrimination code provision applicable to instrumentalities of the State" such as the City University (64 AD3d at 542). The instant case is distinguishable because no state statute has been superseded by Administrative Code § 7-210.

The State cites *Rivers v City of New Britain* (288 Conn 1, 950 A2d 1247 [Conn 2008]). In *Rivers,* the Supreme Court of Connecticut interpreted Connecticut General Statutes § 7-163a, a statute which, similar to Municipal Home Rule Law § 11 (1) (j), authorized localities to transfer to abutting owners liability with respect to injury caused by snow and ice on sidewalks. The Court found no waiver of the State of Connecticut's sovereign immunity because the statute contained no language that expressly waived sovereign immunity where the State is an abutting owner (*id.* at 12). *Rivers* is distinguishable because unlike the provisions of Court of Claims Act § 8, Connecticut's waiver of sovereign immunity is subject to the authorization of claims against the State by a claims commissioner. Therefore, *Rivers* arises under a significantly different statutory framework. We have considered the State's remaining arguments and find them unavailing. Concur—Saxe, J.P., Sweeny, DeGrasse, Manzanet-Daniels and Román, JJ. **[Prior Case History: 29 Misc 3d 1210(A), 2010 NY Slip Op 51790(U).]**