OPINION OF THE COURT
Lucy Billings, J.
Petitioner, an inmate in the custody of the New York State Department of Corrections and Community Supervision (DOCCS) currently incarcerated at Orleans Correctional Facility, challenges respondent DOCCS chairwoman’s time assessment of 24 months in additional incarceration after petitioner pleaded guilty to a violation of his parole conditions. (CPLR 7803 [3], [4].) Respondent moves to dismiss the petition on the grounds that it fails to state a claim that respondent’s determination violated constitutional due process guarantees or Executive Law § 259-i (3) (f) (x) or was arbitrary, without a rational basis, or unsupported by substantial evidence. (CPLR 3211 [a]; 7804 [d].) For the reasons explained below, the court denies respondent’s motion to dismiss the petition, grants the petition to the extent of remanding the proceeding for speedy consideration by the New York State Board of Parole of petitioner’s re-release on parole, and otherwise denies the petition. (CPLR 7803 [3]; 7806; see Executive Law § 259-i [3] [f] [x].)
*173 I Undisputed Background
In 1996, petitioner was convicted of rape in the first degree and sentenced to an indeterminate term of 11 to 22 years. (Penal Law § 130.35.) On August 11, 2010, he was released to parole supervision. On October 14, 2010, DOCCS declared him delinquent and charged him with multiple violations of his parole conditions.
At petitioner’s final parole revocation hearing January 25, 2011, before an administrative law judge (ALJ), petitioner pleaded guilty to one of the charges, entering the New York City transit system without paying the fare, and admitted to being intoxicated when he committed that misconduct. He entered that plea on the understanding that the ALJ would recommend to the Board of Parole that a time assessment of 12 months be imposed, with the opportunity to attend an alternative substance abuse program for 97 days.
In a parole revocation decision notice dated January 25, 2011, the ALJ found, based on petitioner’s plea, that petitioner entered the transit system without paying the fare and was intoxicated when he did so. The ALJ further fulfilled the plea agreement by recommending to the Board of Parole that 12 months in additional incarceration be imposed, with the opportunity to attend an alternative substance abuse program for 97 days, and that, upon successfully completing the program, petitioner would be eligible for re-release to parole supervision sooner than in 12 months. (Executive Law § 259-i [3] [f] [x].) The ALJ based the finding of a parole violation on the admitted verified facts, and the time assessment of 12 months with the alternative program on a review of petitioner’s behavior and mitigating circumstances. (See Morrissey v Brewer, 408 US 471, 484 [1972]; Matter of Mayfield v Evans, 93 AD3d 98 [1st Dept 2012].) Nevertheless, in a parole revocation decision notice addendum dated January 31, 2011, respondent ordered that a time assessment of 24 months be imposed before petitioner would be eligible for re-release to parole supervision.
II. Executive Law § 259-i (3) (f) (x)
Executive Law § 259-i (3) (f) (ii) provides that a “revocation hearing shall be conducted by a presiding officer who may be a member [of] or a hearing officer designated” by the Board of Parole. Executive Law § 259-i (3) (f) (x) provides that, if that “presiding officer is satisfied that there is a preponderance of evidence that the alleged violator violated one or more conditions of release in an important respect, he or she shall so find.” *174 Regarding a parolee whom the presiding officer has found violated the conditions of release, section 259-i (3) (f) (x) authorizes the presiding officer to order one of three alternatives: (A) restoration to parole supervision; (B) placement in a parole transition facility up to 180 days, followed by restoration to parole supervision; or (C) reincarceration. When ordering re-incarceration, the presiding officer is to “fix a date for consideration by the board for re-release on . . . parole.” (Executive Law § 259-i [3] [f] [x] [emphasis added].)
This “consideration by the board for re-release” (id.), of course, “refers to the future parole proceeding at the end of the term of time assessed,” “after the time assessment has elapsed,” not to the time assessment itself. (Mayfield v Evans, 93 AD3d at 107.) The time assessment determines the date by which the Board of Parole next will consider a parole violator for re-release on parole. (9 NYCRR 8002.6 [a]; Suce v Taylor, 572 F Supp 2d 325, 330 n 3 [SD NY 2008].) The Board’s consideration of a former parole violator for re-release also follows a required personal interview. (9 NYCRR 8002.6 [d] [2] [iii].)
Although Executive Law § 259-i (3) (f) (x) gives the presiding officer three options from which he “may” choose, the statute does not allow the officer to choose any other option. The enumerated list must be construed as intentionally excluding any options not listed. (McKinney’s Cons Laws of NY, Book 1, Statutes § 240; Matter of Town of Riverhead v New York State Bd. of Real Prop. Servs., 5 NY3d 36, 42-43 [2005]; Walker v Town of Hempstead, 84 NY2d 360, 367 [1994]; Locario v State of New York, 90 AD3d 547, 548 [1st Dept 2011]; Matter of New York City Council v City of New York, 4 AD3d 85, 96 [1st Dept 2004].) The presiding officer “may” not choose an unlisted option such as a non-final decision imposing a time assessment, subject to a Board of Parole member’s review and final decision fixing the time assessment. (Mayfield v Evans, 93 AD3d at 106-107.)
Thus, unless the Board of Parole designates one of its members as the presiding officer who conducts the hearing (Executive Law § 259-i [3] [f] [ii]), Executive Law § 259-i (3) (f) (x) does not authorize a board member to find a violation of release conditions, to order reincarceration, or to fix the date when the reincarcerated parole violator may be considered again by the Board for re-release. At that point, of course, the board members will determine when, if ever, the parole violator will be re-released before expiration of his sentence. (Mayfield v Evans, 93 AD3d at 106-107.)
*175 Executive Law § 259-i (3) (f) (x) does authorize the Board of Parole’s intervention in one other instance: “For the violator serving an indeterminate sentence who has been found by the department to have committed a serious disciplinary infraction while reincarcerated, the department shall refer the violator to the board for consideration for re-release to community supervision.” Respondent does not dispute that petitioner did not fall in this category. While he was a violator serving an indeterminate sentence, DOCCS and the ALJ found that he had “violated one or more conditions of release,” not that he had “committed a serious disciplinary infraction while reincarcerated.” (Executive Law § 259-i [3] [f] [x].) In the latter instance: “The board shall retain the authority to suspend the date fixed for re-release” by the presiding officer at the hearing. (Id.) Notably, in that instance: “The board shall. . . require a personal interview . . . between a panel of members of the board and the violator.” (Id.)
Having designated the one instance when the Board of Parole may suspend a date fixed for re-release, specifically when the violator “committed a serious disciplinary infraction while reincarcerated,” Executive Law § 259-i (3) (f) (x) nowhere authorizes the Board or a member to adjust the date fixed by the presiding officer regarding when any other reincarcerated parole violator is to be considered for re-release. Yet respondent took precisely that action when, without a personal interview of petitioner, she extended that 12 months in additional incarceration and the alternative program of less duration to a time assessment of 24 months with no alternative.
III. 9 NYCRR 8005.20 (c) (6)
Respondent took her action pursuant to DOCCS regulations, 9 NYCRR 8005.20 (c) (6). This provision first recognizes that, under Executive Law § 259-i (3) (f) (x): “A decision within these guidelines may be made by the presiding officer as a final and binding decision for all categories of violators, other than those serving sentences for felony offenses under article 125, 130, 135 or 263 of the Penal Law or section 255.25 thereof.” The excepted categories of offenses include homicide, kidnapping, and sex crimes, which comprise rape in the first degree of which petitioner was convicted. (Penal Law § 130.35.) For violators convicted of these offenses, section 8005.20 (c) (6) fails to recognize that, under the governing statute, “a hearing officer who is not a Parole Board member may ‘fix’ time assessments without Board approval, regardless of the underlying conviction.” (May- *176 field v Evans, 93 AD3d at 105.) Instead, the regulation requires that
“[a]ll decisions within these guidelines regarding alleged or adjudicated violators serving sentences for felony offenses under article 125, 130, 135 or 263 of the Penal Law or section 255.25 thereof must be reviewed by a member or members of the Board of Parole and shall be decided as follows:
“(i) a single member of the board shall make the final decision that imposes a time assessment.” (9 NYCRR 8005.20 [c] [6].)
The regulation thus prescribes precisely what Executive Law § 259-i (3) (f) (x) proscribes: that a decision by the presiding officer who conducts the hearing imposing a time assessment is a non-final, non-binding decision subject to a Board of Parole member’s review and final decision fixing the time assessment. (Mayfield v Evans, 93 AD3d at 106-107.) The statute, in contrast, does not subject the presiding officer’s time assessment regarding violators convicted of any category of offense to a Board of Parole member’s approval. (Mayfield v Evans, 93 AD3d at 106-107.)
IV Disposition
Here, the record demonstrates that petitioner was afforded a hearing that assured (1) a finding of a parole violation by the presiding ALJ “based on verified facts” and (2) the exercise of discretion by the ALJ, in fixing the period of 12 months before petitioner was to be considered for re-release on parole, “informed by an accurate knowledge of the parolee’s behavior.” (Morrissey v Brewer, 408 US at 484; Mayfield v Evans, 93 AD3d at 107-109.) Petitioner was afforded the opportunity to be heard, to show that he did not commit the multiple violations of his parole conditions with which he was charged, and in fact succeeded in convincing both DOCCS and the ALJ that he had committed only one such violation. Petitioner does not contend otherwise. Nor does he claim that he was denied an opportunity to show circumstances in mitigation such that the violation did not warrant revocation of his parole or, if it did, warranted a minimal time assessment. (9 NYCRR 8005.19 [b]; Morrissey v Brewer, 408 US at 488; Mayfield v Evans, 93 AD3d at 107-109; Matter of DeFina v New York State Div. of Parole, 27 Misc 3d 170, 179-180 [Sup Ct, Bronx County 2009]; see For the People Theatres of N.Y. Inc. v City of New York, 84 AD3d 48, 63 [1st Dept 2011].) Petitioner’s claims pertain only to respondent’s *177 usurpation of the presiding officer’s statutory authority. (Mayfield v Evans, 93 AD3d at 106-107.)
In fact, after hearing from both parties, reviewing the record, weighing the relevant information, and considering the mitigating evidence, the ALJ detailed, with repeated emphasis, the reasons for imposing a time assessment of 12 months and providing petitioner an opportunity to complete an alternative substance abuse program to qualify him for re-release sooner.
“His criminal history is minimal. There are no criminal or violent acts since 1995. This is his first parole violation. He is now violated for a Theft of Services conviction (‘farebeat’). There are no absconding charges. Although his underlying crime is horrendous, I believe that such behavior was an aberration of 15 years ago and will not be repeated. Moreover, parolee needs drug rehab (see special conditions) and admits to an alcohol problem.” (Verified petition, exhibit 8 at 3.)
This analysis demonstrates that petitioner presented his position to a hearing officer who was fully cognizant of all the evidence presented, was capable of considering any mitigating factors in petitioner’s favor, and articulated the reasons justifying the finding of a parole violation and the ALJ’s time assessment and special conditions. (Morrissey v Brewer, 408 US at 488-489; Matter of Edwin L., 88 NY2d 593, 605 [1996]; Mayfield v Evans, 93 AD3d at 109-110; People ex rel. Hacker v New York State Div. of Parole, 228 AD2d 849, 850 [3d Dept 1996]; see People v David W., 95 NY2d 130, 139-140 [2000]; For the People Theatres of N.Y., Inc. v City of New York, 84 AD3d at 63.) In all these significant respects, petitioner received a time assessment hearing comparable to the hearing afforded alleged and adjudicated parole violators convicted of offenses other than homicide, kidnapping, or sex crimes, to which he was entitled. (Executive Law § 259-i [3] [f] [x]; Mayfield v Evans, 93 AD3d at 110-111.)
Again, petitioner nowhere contends that the hearing he received before the ALJ in any way denied petitioner his constitutional rights to due process or his statutory rights under the Executive Law. He claims only that respondent treated the ALJ’s decision based on that hearing as non-final and nonbinding, disregarded that decision, and substituted another decision on completely different grounds, without any opportunity for petitioner to show that those grounds were unfounded and thus respondent’s decision was irrational. (See e.g. ADC Contr. & Constr. Corp. v New York City Dept. of Design & Constr., 25 *178 AD3d 488, 489 [1st Dept 2006]; Matter of Auringer v Department of Bldgs. of City of N.Y., 24 AD3d 162, 163 [1st Dept 2005]; Matter of Poster v Strough, 299 AD2d 127, 142-143 [2d Dept 2002].)
Consequently, the court perceives no need for or benefit to be gained by remanding this proceeding to respondent for a new time assessment hearing where petitioner is afforded another “opportunity to address the ultimate decision-maker as to an appropriate time assessment in a manner consistent with the Executive Law as well as the State and Federal Constitutions.” (Mayfield v Evans, 93 AD3d at 110.) Unlike the petitioner in Mayfield v Evans (93 AD3d at 100-102), the ALJ here considered and articulated all the mitigating factors in petitioner’s favor and fully justified the ALJ’s disposition. Since petitioner already has served more than the ALJ’s time assessment of 12 months and has not been considered for re-release on parole by the Board of Parole, a new time assessment hearing would delay his consideration for re-release even longer.
V Conclusion
For the foregoing reasons, the court denies respondent’s motion to dismiss the petition and grants the petition to the following extent. The court vacates respondent’s time assessment of 24 months and remands the proceeding to respondent (1) to impose a time assessment of 12 months from October 18, 2010, from which the assessment of 24 months originally ran, and (2) to assure the New York State Board of Parole’s immediate consideration of petitioner for re-release on parole.
Because the court does not disturb the principal determination that petitioner violated the conditions of his parole, warranting a time assessment, and no party indicates any incompleteness in respondent’s administrative record already presented to support its motion, the court also perceives no purpose in proceeding further in this forum with an answer to the petition. (See CPLR 409 [b]; 7804 [f]; 7806; Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102-103 [1984]; Matter of Camacho v Kelly, 57 AD3d 297, 299 [1st Dept 2008].) If any party seeks to show such a purpose, that party may move, by an order to show cause, to restore this proceeding. Otherwise this decision constitutes the court’s judgment granting the petition to the extent set forth, denying the remainder of the petition, and dismissing the proceeding. (CPLR 7803 [3]; 7806; Executive Law § 259-i [3] [f] [x].)