Ruderman v New York State Ins. Fund (2023 NY Slip Op 01974)

Ruderman v New York State Ins. Fund

2023 NY Slip Op 01974

Decided on April 18, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 18, 2023

Before: Webber, J.P., Friedman, Singh, Scarpulla, Rodriguez, JJ. 

Index No. 650940/11 Appeal No. 51 Case No. 2022-03934 

[*1]Irving Ruderman, Plaintiff-Appellant,
v
New York State Insurance Fund, Defendant-Respondents, John/Jane Does I-XX, Defendants.

Pardalis & Nohavicka, LLP, New York (Israel Klein of counsel), for appellant.
Letitia James, Attorney General, New York (Kristin Cooper Holladay of counsel), for respondent.

Order, Supreme Court, New York County (Richard Latin, J.), entered March 17, 2022, which granted defendant New York State Insurance Fund's (NYSIF) motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.[FN1]
The court correctly dismissed the complaint alleging age discrimination under the New York State Human Rights Law (Executive Law § 296[1][a]). NYSIF proffered legitimate, nondiscriminatory reasons for its refusal to hire plaintiff for its claims services representative or underwriter trainee positions, and plaintiff failed to raise a triable issue of fact as to whether the reasons were pretextual (see Sedhom v SUNY Downstate Med. Ctr., 201 AD3d 536 [1st Dept 2022]). It is undisputed that plaintiff was late for his interview, that his application was incomplete, and that his resume lacked details as to his past employment. Further, NYSIF was unable to verify plaintiff's employment with the employers that plaintiff provided. Plaintiff failed to show that any of the nondiscriminatory reasons proffered by NYSIF were "false or unworthy of belief" and that age discrimination was the real reason for its refusal to hire him (DeFreitas v Bronx Lebonon Hosp. Ctr., 168 AD3d 541, 541 [1st Dept 2019]; see also Kwong v City of New York, 204 AD3d 442, 444 [1st Dept 2022], lv dismissed 38 NY3d 1174 [2022]).
Although plaintiff's score on the New York State Professional Careers Test was higher than those of the selected candidates, state employers are not required to select the highest scoring individual, and factors outside of performance on the test may be taken into consideration in making civil service appointments (see Matter of Cassidy v Municipal Civ. Serv. Commn. of City of New Rochelle, 37 NY2d 526, 529 [1975]). Plaintiff's contention that his undergraduate degree and years of experience automatically make him more qualified than the selected candidates is unavailing, particularly in light of NYSIF's showing that other candidates were better suited for the roles based on the many factors considered.
Finally, most of NYSIF's interviewers were in plaintiff's protected class, and NYSIF ultimately selected candidates from a broad age range, including at least one candidate who was the same age as plaintiff (see Miller v News Am., 162 AD3d 422, 422 [1st Dept 2018]). These factors weigh against any inference of discrimination (see id.; see also Sedhom, 201 AD3d at 537), and undermine plaintiff's claim that the interviewers expressly told him that he would not be hired due to his age.
Plaintiff's challenges to the dismissal of his claims under the New York City Human Rights Law (Administrative Code of City of NY § 8-107[1][a]) are not properly before this Court, as he had withdrawn those claims pursuant to a stipulation and filed an amended complaint asserting only causes of action under the New York State Human Rights Law (see Weinstein v City of New York, 103 AD3d 517, 517 [1st Dept 2013]). In any event, as an "instrumentality [*2]of the State," NYSIF is not subject to the provisions of the New York City Human Rights Law (Jattan v Queens Coll. Of City Univ. of N.Y., 64 AD3d 540, 542 [2d Dept 2009]; see also Ajoku v New York State Off. of Temporary & Disability Assistance, 198 AD3d 437, 437-438 [1st Dept 2021], lv denied 38 NY3d 908 [2022]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 18, 2023

Footnotes

Footnote 1: Defendants John/Jane Does I-XX have not appeared in this action or sought representation from the Attorney General. In any event, the complaint is devoid of facts attributing any discrimination to any anonymous or unnamed person. Thus, the complaint is dismissed as to John/Jane Does I-XX as well as NYSIF.