## Lilly v State of New York

2025 NY Slip Op 30626(U)

February 24, 2025

Supreme Court, New York County

Docket Number: Index No. 155539/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. PAUL A. GOETZ**      PART      47

*Justice*

-----------------------------------------------------------------------------X

KEITH LILLY,

                     Plaintiff,

- v -

THE STATE OF NEW YORK, EDWARD GIBBS

                   Defendants.

-----------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155539/2024 |
| MOTION DATE | 09/16/2024, 09/16/2024 |
| MOTION SEQ. NO. | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 5, 6, 7, 8, 14, 16, 17, 18, 20

were read on this motion to/for              DISMISS              .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 9, 10, 11, 12, 13, 15, 19, 21

were read on this motion to/for              DISMISS              .

      In this employment discrimination action defendant, The State of New York, ("the State") moves (MS #1) pre-answer, pursuant to CPLR § 3211(a)(2), and (a)(7) to dismiss plaintiff's Seventh Cause of Action, as against it, for violation of the Family and Medical Leave Act ("FMLA"). Defendant, Edward Gibbs, moves separately (MS #2) to dismiss the complaint as against him in its entirety.

## BACKGROUND

      Plaintiff, Keith Lilly, has worked in New York State and City politics since 1996[1] (NYSCEF Doc No 1 ¶ 19 – 23). In 2022, defendant, Edward Gibbs, was elected to New York State Assembly as the Representative for its 68th Assembly District, comprising primarily the neighborhood of East Harlem (*id*. at ¶ 24). Gibbs hired plaintiff as his Senior Advisor on August

---

[1] Because this motion to dismiss has been made pre-answer, the procedural posture requires that the facts alleged in the complaint be accepted as true (*Davis v Boeheim*, 24 NY3d 262 [2014]).

**155539/2024 LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**       **Page 1 of 17**
Motion No. 001 002

1 of 17

1, 2022 (*id.* at ¶ 26). Plaintiff suffers from Type-II diabetes and in summer of 2023 he discovered a hole in his left foot (*id.* at ¶ 31 – 33). Plaintiff's condition worsened and he was admitted into the hospital on July 20, 2023 where he was informed that the condition may require amputation (*id.* at ¶ 41 – 42).

Plaintiff alleges that he informed Gibbs and his staff of his condition and that he would be out of work for the time being (*id.* at ¶ 43). Gibbs visited plaintiff in the hospital on July 24, 2023 and during that visit plaintiff informed Gibbs that he was scheduled to have his toes amputated on July 27, 2023 and he would have to remain in the hospital to determine if further amputation was needed (NYSCEF Doc No 1 at ¶ 43 – 45). Plaintiff alleges that two days after visiting plaintiff in the hospital, on July 26, 2023, Gibbs called plaintiff and terminated his employment (*id.* at ¶ 49). Plaintiff further alleges that Gibbs did not give him an explanation for his termination (*id.* at ¶ 50).

Plaintiff asserts seven total causes of action, one against the State individually, for 1) Disability Discrimination in Violation of the New York State Human Rights Law ("NYSHRL"); five against Gibbs individually, for 2) Disability Discrimination in Violation of the NYSHRL; 3) Aiding, Abetting, Inciting, Compelling, and Coercing Disability Discrimination in Violation of the NYSHRL; 4) Disability Discrimination in Violation of the New York City Human Rights Law ("NYCHRL"); 5) Aiding, Abetting, Inciting, Compelling, and Coercing Disability Discrimination in Violation of the NYCHRL; and 6) Failure to Engage in a Cooperative Dialogue in Violation of the NYCHRL; and one against both the State and Gibbs for 7) Violation of the FMLA.

**155539/2024  LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 2 of 17**

2 of 17

[* 2]

## DISCUSSION

I.    *Motion Sequence 1 – FMLA Claim against New York State*

The State argues that the Seventh Cause of Action, for a violation of the FMLA, must be dismissed as against it because the State is immune from suit under the Eleventh Amendment of the United States Constitution and neither of the two exceptions to Eleventh Amendment immunity are applicable here. Plaintiff argues, first, that Congress abrogated the State's Eleventh Amendment immunity when passing the FMLA, and second, that the State waived its Eleventh Amendment immunity through the enactment of Section 8 of the Court of Claims Act.

A.  *Eleventh Amendment Immunity*

The Eleventh Amendment of the US Constitution states, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The amendment bars suits that seek either money damages or injunctive relief against a state (*McGinty v New York*, 251 F3d 84 [2d Cir 2001]). The right to a state's immunity from suit exists in both federal and state courts (*Alden v Maine*, 527 US 706, 754, [1999] ["In light of history, practice, precedent, and the structure of the Constitution, we hold that the States retain immunity from private suit in their own courts"]).

There are two exceptions to a state's Eleventh Amendment immunity. "First, Congress may authorize such a suit in the exercise of its power to enforce the Fourteenth Amendment—an Amendment enacted after the Eleventh Amendment and specifically designed to alter the federal-state balance" (*Coll. Sav. Bank v Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 US 666, 670 [1999]). And, "[s]econd, a State may waive its sovereign immunity by consenting to suit" (*id.*).

**155539/2024   LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**
**Motion No.  001 002**                                                                    **Page 3 of 17**

3 of 17

[* 3]

a. *Congressional Abrogation*

Turning first to the question of whether Congress has abrogated the State's right to Eleventh Amendment immunity, plaintiff argues that the text of the FMLA indicates that Congress intended to allow suits against States. Plaintiff argues that to allow a State to assert immunity to suit would be contrary to the design of the FMLA.

"The FMLA generally requires covered employers to grant employees who have worked for twelve months (or 1250 hours in twelve months) up to twelve weeks' leave during any twelve month period" for certain health related issues (*Hale v Mann*, 219 F3d 61, 68 [2d Cir 2000]). Specifically, an employee may take leave under the FMLA for:

> (A) "the birth of a son or daughter ... in order to care for such son or daughter,"
> (B) the adoption or foster-care placement of a child with the employee,
> (C) the care of a "spouse ... son, daughter, or parent" with "a serious health condition," or
> (D) the employee's own serious health condition when the condition interferes with the employee's ability to perform at work.

(*Coleman v Ct. of Appeals of Maryland*, 566 US 30, 34 [2012] [citing 29 USC § 2612(a)(1)]). Sections (A),(B), and (C) are commonly referred to as "family care provisions" (*id*.).

The FMLA further provides that, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise" a right under the FMLA (29 USC § 2615(a)(1)). Here, since plaintiff's allegations concern his own health condition, plaintiff is relying upon 29 USC § 2612(a)(1)(D) otherwise known as the "self-care provision." Plaintiff argues that because defendants terminated his employment two days prior to his one-year anniversary they unlawfully interfered with his eligibility for protected leave under § 2615(a)(1).

**155539/2024   LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 4 of 17**

Plaintiff notes that the enforcement section of the FMLA states that:

> (2) Right of Action
>
> An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of—
>
> > (A) the employees; or
> >
> > (B) the employees and other employees similarly situated.

(29 USC § 2617(a)(2)).

Plaintiff argues that this language indicates Congress' clear intent to abrogate states' immunity from damages. On this point there is little debate as the Supreme Court held in *Coleman v Ct. of Appeals of Maryland*, "the Act does express the clear purpose to abrogate the States' immunity" (566 US 30, 35 [2012]). However, "[t]he question then becomes whether the self-care provision and its attempt to abrogate the States' immunity are a valid exercise of congressional power under § 5 of the Fourteenth Amendment"[2] (*id*. at 36). Section 5 of the Fourteenth Amendment allows Congress to enforce the substantive guarantees of the Amendment by appropriate legislation (*id*.). "Legislation enacted under § 5 must be targeted at conduct transgressing the Fourteenth Amendment's substantive provisions" (*id*. [internal quotation marks omitted]).

In *Nevada Dept. of Human Resources v Hibbs*, the U.S. Supreme Court held that Congress had validly exercised its Section 5 powers for suits, and abrogated States Eleventh

---

[2] **Section 1.** All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

…

**Section 5.** The Congress shall have power to enforce, by appropriate legislation, the provisions of this article. (US Const amend. XIV)

155539/2024   LILLY, KEITH vs. THE STATE OF NEW YORK ET AL          Page 5 of 17
Motion No.  001 002

5 of 17

Amendment immunity from suits arising out of 29 USC § 2612(a)(1)(C) because of a "pervasive sex-role stereotype that caring for family members is women's work" (538 US 721, 731 [2003]). "In sum, the States' record of unconstitutional participation in, and fostering of, gender-based discrimination in the administration of leave benefits is weighty enough to justify the enactment of prophylactic § 5 legislation" (*id*. at 735).

However, in *Coleman*, the Supreme Court rejected the argument that Congress abrogated states' Eleventh Amendment immunity for suits arising out of the "self-care" provision. The Court reasoned that with respect to the "family care" provisions, Congress invoked concerns related to gender discrimination thereby allowing a constitutional abrogation of a state's immunity (*Coleman*, 566 US at 38 ["Due to the nature of the roles of men and women in our society, the primary responsibility for family caretaking often falls on women, and such responsibility affects the working lives of women more than it affects the working lives of men"]). However, "[w]ithout widespread evidence of sex discrimination or sex stereotyping in the administration of sick leave, it is apparent that the congressional purpose in enacting the self-care provision is unrelated to these supposed wrongs" (*id*.).

Therefore, Congress has not abrogated Eleventh Amendment immunity for claims arising out of the "self-care provision" and a suit may only continue if a state waives its immunity and consents to a suit.

b. *Waiver of Immunity*

Plaintiff also argues that the State has waived its Eleventh Amendment immunity through enactment of the Court of Claims Act.

Court of Claims Act § 8 states:

> The state hereby waives its immunity from liability and action and
> hereby assumes liability and consents to have the same determined

**155539/2024   LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 6 of 17**

[* 6]

in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article.

The State's waiver of immunity derived from The Court of Claims Act § 8 "is not absolute, but rather is contingent upon a claimant's compliance with specific conditions placed on the waiver by the Legislature" (*Lepkowski v State*, 1 NY3d 201, 206 [2003]). Here, plaintiff has not complied with the conditions outlined in Sections 10 and 11 of the Court of Claims Act[3], nor has plaintiff brought this suit in the Court of Claims. "New York has waived its immunity from liability and consented to be sued only to the extent that claims are brought in the New York Court of Claims" (*Gross v New York*, 428 Fed Appx 52, 53 [2d Cir 2011]). Accordingly, this court lacks jurisdiction to hear plaintiff's FMLA claim as against the State and it must be dismissed.[4]

## II.    Motion Sequence 2 – Claims as against Gibbs

Gibbs argues that the claims against him must be dismissed because he was acting in his official capacity as an instrumentality of the State and is therefore immune to suit under the State's sovereign immunity. Gibbs further argues, that even if he is not entitled to immunity, the causes of action must be dismissed because plaintiff has failed to state a cause of action under the NYSHRL, the NYCHRL, or the FMLA. Finally, Gibbs argues that the causes of action

---

[3] Sections 10, and 11 of the Court of Claims Act provide that the State only consents to suit if the claim is filed within 90 days of the accrual of the claim, "unless the claimant shall within such time serve upon the attorney general a written notice of intention to file a claim therefor, in which event the claim shall be filed and served upon the attorney general within two years after the accrual of such claim" and here, plaintiff commenced his suit 11 months after his allegedly unlawful termination, and has not provided evidence that he served a notice of intention upon the attorney general (Court of Claims Act § 10).

[4] Plaintiff also argues that the State waived its immunity because it provided its employees with a ""Handbook for Employees of New York State Agencies" which notes that eligible workers are entitled to FMLA leave, plaintiff has cited no caselaw that indicate that a waiver of sovereign immunity can be implied from an employee handbook. Because, "waiver of a State's Eleventh Amendment immunity will not be found unless such consent is unequivocally expressed", plaintiff's arguments are unavailing (*Close v State of N.Y.*, 125 F3d 31, 39 [2d Cir 1997]; *see also McKlintic v 36th Jud. Circuit Ct.*, 508 F3d 875 [8th Cir 2007] [rejecting argument that Employee Handbook's mention of FMLA rights constitutes a waiver of immunity]).

**155539/2024   LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**                    **Page 7 of 17**
 **Motion No.  001 002**

7 of 17

arising under the NYCHRL should be dismissed because they were not brought in the Court of Claims.

### A. *Gibbs' Immunity*

Gibbs argues that the alleged acts of discrimination in the Complaint, (1) determining whether plaintiff could perform the essential functions of his job with or without an accommodation; and (2) terminating plaintiff's employment; were acts taken in Gibbs' official capacity as plaintiff's supervisor, which entitles him to sovereign immunity. Plaintiff argues that because he is suing Gibbs in his individual capacity, Gibbs is not entitled to immunity.

### i. *Immunity under NYSHRL*

"The State Legislature waived sovereign immunity when it passed the New York State Human Rights Law and made its provisions applicable to the State" (*Jattan v Queens Coll. of City Univ. of New York*, 64 AD3d 540, 541 [2d Dept 2009])[5]. "It should be noted that there is … a distinction between sovereign immunity and [other] immunity-based defenses available to governmental [entities]" (*Matter of In re World Trade Ctr. Bombing Litig.*, 17 NY3d 428, 442 [2011]). "Sovereign immunity is the historic immunity derived from the State's status as a sovereign and protects the State from suit" (*id.*). "[W]hereas governmental immunity, legislative immunity, or judicial immunity are defenses where as a matter of policy, the courts have foreclosed liability" (*id.*).

When, as here, the State has waived sovereign immunity for itself and its municipal subdivisions, "the common-law doctrine of governmental immunity continues to shield public entities from liability for discretionary actions taken during the performance of governmental

---

[5] To address Gibbs' argument that this action should have been brought in the Court of Claims, the State waived its sovereign immunity to NYSHRL claims within the NYSHRL statute, and it provides that claims may brought in any Federal or State court therefore plaintiff's NYSHRL claim is not subject to the exclusive jurisdictional requirements of the Court of Claims Act.

**155539/2024   LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**           **Page 8 of 17**
Motion No.  001 002

[* 8]                                                 8 of 17

functions" (*Valdez v City of New York*, 18 NY3d 69, 75-76 [2011]). "This limitation … is intended to ensure that public servants are free to exercise their decision-making authority without interference from the courts" (*id.*). "Not all discretionary actions, however, are accorded absolute immunity" (*Arteaga v State*, 72 NY2d 212, 216 [1988]). Absolute immunity is afforded when the challenged decision is judicial in nature, that is, decisions which require "the application of governing rules to particular facts" (*id.*). However, when a challenged action is not "classically judicial", or quasi-judicial, a defendant may still be entitled to "qualified immunity", which shields the government official, "except when there is bad faith or the action taken is without a reasonable basis" Therefore, while Gibbs is not entitled to sovereign immunity, because the state has waived this immunity for claims brought under the NYSHRL, he may still be entitled to qualified immunity[6].

"A government official performing a discretionary function is entitled to qualified immunity provided his or her conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known" (*Liu v New York City Police Dept.*, 216 AD2d 67, 68 [1st Dept 1995]). "A right is clearly established [i]f the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right" (*Maio v Kralik*, 70 AD3d 1, 13 [2d Dept 2009]). Here, reading the complaint and accepting the facts in it as true as required on a pre-answer motion to dismiss, the complaint cannot be dismissed as against Gibbs based on immunity. The NYSHRL provides a "clearly established statutory" right that plaintiff alleges Gibbs violated. Further, "a factual finding [is] essential to [the] state-law defense of qualified immunity on the HRL claim[s]" and thus dismissal at this juncture is premature (*Lore v City of Syracuse*, 670 F3d 127, 167 [2d Cir

---

[6] Gibbs argues that he is entitled to sovereign immunity, but the cases he cites and the arguments made appear to indicate he is referring to qualified immunity.

**155539/2024   LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**                                    **Page 9 of 17**
**Motion No.  001 002**

[* 9]

2012]). Accordingly, the claims arising under the NYSHRL will not be dismissed under this theory.

###### ii.    Immunity under NYCHRL

While, the State waived its sovereign immunity to suit under the NYSHRL, "the City of New York does not have the power to waive the State's sovereign immunity by passing an anti-discrimination code provision applicable to instrumentalities of the State" (*Jattan*, 64 AD3d at 542). "Generally, actions against State officers acting in their official capacity in the exercise of governmental functions are deemed to be, in essence, claims against the State" and therefore, suable only when the state has waived its common-law right to sovereign immunity (*Morell v Balasubramanian*, 70 NY2d 297, 300 [1987]). "Sovereign immunity does not, however, shield [government] officials sued in their individual capacities" (*Tanvir v Tanzin*, 894 F3d 449, 459 [2d Cir 2018]). "Defendants in an official-capacity action may assert sovereign immunity" (*Lewis v Clarke*, 581 US 155, 163 [2017]). "An officer in an individual-capacity action, on the other hand … [is limited to] personal immunity defenses" as discussed above (*id.*). Gibbs argues that, while plaintiff alleges that he is suing him in his individual capacity, in reality he is being sued in his "official capacity" and this is in essence a suit against the State, one which the Sate has not waived its sovereign immunity for.

"A suit against a State officer will be held to be one which is really asserted against the State when it arises from actions or determinations of the officer made in his or her official role and involves rights asserted, not against the officer individually, but solely against the State" (*Morell*, 70 NY2d at 301 [1987]). "This is why, when officials sued in their official capacities leave office, their successors automatically assume their role in the litigation" (*Lewis* 581 US at 162). "Where, however, the suit against the State agent or officer … aris[es] from the breach of

**155539/2024  LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 10 of 17**

10 of 17

[* 10]

a duty owed individually by such agent or officer directly to the injured party, the State is not the real party in interest," even when the State could be secondarily liable (*Morell*, 70 NY2d at 301 [1987]; *see also Hafer v Melo*, 502 US 21, [1991] [ruling that discharged employees were entitled to bring a personal damages action against a state official]).

Here, plaintiff seeks to hold Gibbs, personally liable, for money damages based on alleged discriminatory acts based on disability which Gibbs personally committed. Because plaintiff asserts that Gibbs owed him a duty individually to not discriminate against him based on his disability, Gibbs cannot assert sovereign immunity and is limited to the personal immunity defenses discussed above asserted under the NYSHRL claims, because plaintiff is, in effect not making claims against the state. Accordingly, plaintiff's NYCHRL claims as against Gibbs will also not be dismissed.

### iii. Immunity under the FMLA

The analysis of whether Gibbs is entitled to assert a sovereign immunity defense to plaintiff's FMLA claims as against him is essentially identical to the NYCHRL claims. That is because, as discussed above, the State has not waived its sovereign immunity to suits brought under either the NYCHRL and the FMLA, thus if Gibbs was being sued within his official capacity, he would be entitled to the same sovereign immunity defense as the State. However, as discussed above plaintiff has sued Gibbs in his individual capacity and therefore he is not entitled to dismissal on sovereign immunity grounds.[7]

---

[7] In reference to the Disability Discrimination claims under both the NYSHRL and the NYCHRL, as well as the FMLA claim, Gibbs raises for the first time on reply, that plaintiff has failed to plead that he was plaintiff's employer. Gibbs raises these arguments in response to plaintiff's contention that Gibbs is being sued in his individual capacity, seemingly to support his contention that he is entitled to sovereign immunity.

However, the question of sovereign immunity, as discussed throughout, is a question of jurisdiction (*see Lunney v United States*, 319 F3d 550 [2d Cir 2003]). Whether Gibbs qualifies as an employer under the statutes is a substantive question that should have been raised within Gibbs' arguments regarding plaintiff's failure to state a

**155539/2024   LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 11 of 17**

11 of 17

### B. Failure to State a Claim

When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). "In making this determination, [a court is] not authorized to assess the merits of the complaint or any of its factual allegations" (*id*. at 86 [internal quotations omitted]). Further "[i]n assessing a motion under CPLR 3211(a)(7), ... the criterion is whether the proponent of the pleading has a cause of action, not whether [they have] stated one" (*Eccles v Shamrock Capital Advisors, LLC*, 2024 NY Slip Op 02841 [Ct App May 23, 2024] [internal quotations omitted]).

### i. Disability Discrimination under NYSHRL and NYCHRL

Plaintiff has two causes of action against Gibbs for disability discrimination, one arising under the NYSHRL, pursuant to NY EXEC § 296(1); and one under the NYCHRL pursuant to NYC Admin Code § 8-107(1).

NY EXEC § 296(1)(a) states:

> 1. It shall be an unlawful discriminatory practice:
>
> (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, citizenship or immigration status, sexual orientation, gender identity or expression, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or status as a victim of domestic violence, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

---

claim. Regardless, because Gibbs raised this defense for the first time on reply we will not consider the substance of these arguments (*JPMorgan Chase Bank, N.A. v Luxor Capital, LLC*, 101 AD3d 575 [1st Dept 2012]).

**155539/2024   LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 12 of 17**

12 of 17

NYC Admin Code § 8-107(1) states:

> 1. Employment. It shall be an unlawful discriminatory practice:
> (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual and reproductive health decisions, sexual orientation, uniformed service, height, weight, or immigration or citizenship status of any person:

While, a "cause of action asserted pursuant to NYCHRL must be analyzed independently from similar or identical causes of action asserted pursuant [the] NYSHRL" on summary judgment motions to consider the broader scope of the NYCHRL, the elements of the claims are the same (*Russell v New York Univ.*, 42 NY3d 377, 385 [2024]).  To state an employment discrimination claim under the NYSHRL and NYCHRL, a plaintiff must plead facts that show (1) that he is a member of a protected class; (2) that he was discharged or suffered an adverse employment action; (3) that he was qualified to hold his position; and (4) that the discharge or adverse employment action occurred under circumstances giving rise to an inference of discrimination (*Godino v Premier Salons, Ltd.*, 140 AD3d 1118 [2d Dept 2016]).

Here, plaintiff has pled that he suffers from a disability (NYSCEF Doc No 1 at ¶ 31 – 47); that he was discharged from his position (*id*. at ¶ 49); that he was qualified to hold this position (*id*. at ¶ 18 – 30); and that, considering the temporal relationship between his hospitalization and his termination, that the discharge occurred under circumstances giving rise to an inference of discrimination based on his disability (*id*. at ¶ 50 – 60). Therefore, accepting the facts alleged in the Complaint as true, plaintiff has stated a cause of action for Disability Discrimination and accordingly, the NYSHRL and NYCHRL claims against Gibbs will not be dismissed.

**155539/2024   LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**
**Motion No.  001 002**                                                   **Page 13 of 17**

13 of 17

[* 13]

## ii. Aiding and Abetting under the NYSHRL and NYCHRL

Plaintiff has two aiding and abetting causes of action as against Gibbs for disability discrimination, one arising under the NYSHRL, pursuant to NY EXEC § 296(6); and one under the NYCHRL pursuant to NYC Admin Code § 8-107(6).

NY EXEC § 296(6) states "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so." NYC Admin Code § 8-107(6) similarly states, "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this chapter, or to attempt to do so."

While, "[a]n individual cannot aid and abet his or her own violation of the Human Rights Law" (*Hardwick v Auriemma*, 116 AD3d 465, 468 [1st Dept 2014]), considering that there is a question of fact as to whether Gibbs qualifies as an employer under NY EXEC § 296(1) and NYC Admin Code § 8-107(1), and thus whether the alleged violations qualify as Gibbs' own violation of the Human Rights Laws dismissal at this juncture is premature. Accordingly, the aiding and abetting NYSHRL and NYCHRL claims as against Gibbs will not be dismissed.

## iii. Failure to Engage in a Cooperative Dialogue in Violation under NYCHRL

NYC Admin Code § 8-107(28)(a)(2) states:

> (a) It shall be an unlawful discriminatory practice for an employer, labor organization or employment agency or an employee or agent thereof to refuse or otherwise fail to engage in a cooperative dialogue within a reasonable time with a person who has requested an accommodation or who the covered entity has notice may require such an accommodation:
> …
> (2) Related to a disability as provided in subdivision 15 of this section;

**155539/2024  LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**
**Motion No.  001 002**

**Page 14 of 17**

14 of 17

Pursuant to the NYCHRL, a defendant is not required to engage in a "cooperative dialogue" until the employee establishes that he may be entitled to an accommodation (*Hosking v Mem. Sloan-Kettering Cancer Ctr.*, 186 AD3d 58 [1st Dept 2020]). Gibbs argues that plaintiff failed to request or identify an accommodation in his pleadings and therefore the claim must be dismissed. However, requesting time off due to a disability can constitute a request for a reasonable accommodation (*Phillips v City of New York*, 66 AD3d 170 [1st Dept 2009])[8]. Here, plaintiff has pled that he informed Gibbs that he would be in the hospital for an extended period of time and that he would need time off (NYSCEF Doc No 1 at ¶ 43 – 46).  Accepting the facts alleged in the Complaint as true, plaintiff has properly plead a cause of action under NYC Adm. Code § 8-107(28)(a)(2) and the claim will not be dismissed.

### iv.    FMLA Interference

To prevail on a claim of interference with FMLA rights, a plaintiff must establish: 1) that he is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that he was entitled to take leave under the FMLA; 4) that he gave notice to the defendant of his intention to take leave; and 5) that he was denied benefits to which he was entitled under the FMLA (*Shultz v Congregation Shearith Israel of City of New York*, 867 F3d 298, 307 [2d Cir 2017]).

FMLA eligibility requires that an employee be "employed for at least 12 months by the employer" and have worked "at least 1,250 hours … with such employer during the previous 12-month period" (29 USC § 2611(2)(A)(i)-(ii)). It is undisputed that plaintiff was not yet eligible for FMLA leave when he was terminated. However, plaintiff argues that in order to guard

---

[8] While, the court notes in *Phillips* that often a request for an extended leave will not be a "reasonable accommodation" under the Human Rights Laws, the "resolution of these issues is … case-specific, further illustrating the need for an individualized, interactive fact-specific process" (*Phillips*, 66 AD3d at 179-80).

**155539/2024   LILLY, KEITH vs. THE STATE OF NEW YORK ET AL**
 **Motion No.  001 002**

**Page 15 of 17**

against employers who seek to avoid statutory obligations by terminating employees on the eve of attaining eligibility, courts have determined that pre-eligible employees who request post-eligibility leave are protected by the FMLA. While there are no New York State or Second Circuit decisions dealing with this issue the plaintiff cites authority from multiple federal courts (*see Pereda v Brookdale Senior Living Communities, Inc.*, 666 F3d 1269 [11th Cir 2012] ["Without protecting against pre-eligibility interference, a loophole is created whereby an employer has total freedom to terminate an employee before [they] can ever become eligible"]; *Sine v Rockhill Mennonite Home*, 275 F Supp 3d 538 [ED Pa 2017] ["the FMLA regulatory scheme must necessarily protect pre-eligible employees ... who put their employers on notice of a post-eligibility leave request."]; *Walker v. Elmore County Bd. of Educ*., 223 F Supp 2d 1255 [ND Ala 2002] [ruling that it "it would be both unjust and contrary to the structure of the FMLA to prohibit a person" to pursue a retaliation claim when they were fired after giving notice of a medical condition but prior to being FMLA eligible"]) in support of his argument.

Here, plaintiff informed Gibbs of his upcoming surgery and further informed him that he may require future further surgeries. Considering this is a pre-answer and discovery motion, giving every inference to the non-moving party, plaintiff's FMLA claim will not be dismissed.

Accordingly, it is

ORDERED that the State's motion (MS#1) to dismiss the FMLA cause of action as against it is granted; and it is further

ORDERED that Gibbs' motion (MS #2) to dismiss the Complaint as against him is denied; and it is further

ORDERED that defendants are directed to serve an answer or otherwise respond to the

155539/2024   LILLY, KEITH vs. THE STATE OF NEW YORK ET AL
Motion No.  001 002

Page 16 of 17

[* 17]

complaint within 20 days of this order; and it is further

ORDERED that the parties are directed to appear for a preliminary conference on

April 3, 2025 at 9:30 am.

20250224174834PG0ETZCB364B8C6A4A598F0A47ED76B1EBE7

| 2/24/2025 | | | | | | |
|---|---|---|---|---|---|---|
| **DATE** | | | | | PAUL A. GOETZ, J.S.C. | |
| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
| | | GRANTED | DENIED | X | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

155539/2024   LILLY, KEITH vs. THE STATE OF NEW YORK ET AL                                    Page 17 of 17
Motion No.  001 002

17 of 17